XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
CHEROKEE DM MELTON
Supervising Deputy Attorney General
JENNIFER C. BONILLA
LISA CISNEROS
JULIA HARUMI MASS
ANITA GARCIA VELASCO
BRENDA AYON VERDUZCO
ANNA RICH, State Bar No. 230195
Deputy Attorneys General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone: 510-879-0296
  Fax: 510-622-2270
  E-mail:  Anna.Rich@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF MAINE, COMMONWEALTH OF PENNSYLVANIA** and **STATE OF OREGON,**<br><br>            Plaintiffs,<br><br>**v.**<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY; KEVIN McALEENAN,** in his official capacity as Acting Secretary of Homeland Security; **U.S. CITIZENSHIP AND IMMIGRATION SERVICES;** and **KENNETH T. CUCCINELLI**, in his official capacity as Acting Director of U.S. Citizenship and Immigration Services**,**<br><br>            Defendants. | Case No. 3:19-cv-04975<br><br>**ADMINISTRATIVE MOTION TO EXCEED APPLICABLE PAGE LIMITS FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:        Hon. Jacqueline Scott Corley<br>Trial Date:   None Set<br>Action Filed: August 16, 2019 |

1

Plaintiffs Admin. Mot. to Exceed Page Limit (3:19-cv-04975)

## NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF

PLEASE TAKE NOTICE that Plaintiffs the State of California, the District of Columbia, the State of Maine, the Commonwealth of Pennsylvania, and the State of Oregon (collectively, the States) hereby respectfully move under N.D. Cal. Civil Local Rule 7-11 for an order authorizing the States to exceed applicable page limits in their Memorandum of Points and Authorities in support of a Motion for Preliminary Injunction (PI Motion), and in support thereof, attached hereto as Exhibit A.  To address the history and complexity of the Public Charge Rule that is being challenged in this lawsuit, the complex legal grounds supporting the PI Motion, and include sufficient evidence of harm for the multiple Plaintiff States that are seeking relief, Plaintiff States request an additional 10 pages—or 35 pages total—for their PI Motion.

## DISCUSSION

The States filed their Complaint challenging a rule recently issued by Defendants, "Inadmissibility on Public Charge Grounds," 84 Fed. Reg. 41,292 (Aug. 14, 2019) (to be codified at 8 C.F.R. Parts 103, 212-14, 245, 248) (Rule).  The Complaint asserted six causes of action and contained 347 paragraphs.  *State of California, et al. v. U.S. Department of Homeland Security et al.*, Case No. 3:19-cv-04975 (N.D. Cal. Aug. 16, 2019), DKT No. 1.

The Rule is currently set to take effect on October 15, 2019.  Thus, the States are moving for a motion for a preliminary injunction now in order to ensure that the Court has adequate time to consider and hear this motion prior to that date, and to prevent unnecessary harm and uncertainty to the States' residents.  The States' PI Motion addresses their likelihood of succeeding on various Administrative Procedure Act (APA) claims, as well as the irreparable harm that the States will suffer as a result of the Rule.

The States have attempted in good faith to adhere to this Court's page limit, but are unable to do so in light of the amount of evidence (including 38 supporting declarations) and the complexity of the legal issues presented by this case and Defendants' 217-page Rule.  Additional pages are necessary, for example, to adequately discuss the statutory history of the public charge law in the INA; the current Public Charge Rule's provisions and departures from previous agency determinations of public charge inadmissibility; how the Public Charge Rule will create a chilling

2

Plaintiffs Admin. Mot. to Exceed Page Limit (3:19-cv-04975)

effect that will impact communities far beyond the immigrants that the Rule directly regulates; how the Rule is exceeds Defendants' statutory authority and is arbitrary and capricious; and the nature and extent of the irreparable harm facing Plaintiff States if a preliminary injunction is not granted.  Declaration of William H. Downer, ¶ 4.  In order to provide the necessary factual and legal information necessary for this Court to render an appropriate decision on the Motion for a Preliminary Injunction, the States require more than the usual 25-page limit for their brief.  The States request an additional 10 pages—or 35 pages total—for their PI Motion.

The States were not able to meet and confer with Defendants concerning this request for additional pages because counsel for Defendants have not yet appeared in this litigation or submitted notices of appearance. *Id.*, ¶ 5.  Therefore, the States were not able to obtain a stipulation from Defendants concerning the relief sought in this Motion.  *Id.*  The States would not oppose a request from Defendants to similarly extend page limits in their response to Plaintiffs' PI Motion.  *Id.*, ¶ 6.[1]

For the reasons set forth above, the States respectfully request that the Court GRANT their Administrative Motion for leave to exceed the applicable 25-page limit for the States' Memorandum of Points ant Authorities in Support of the PI Motion, which has been filed concurrently with this request.

Dated:  August 26, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CHEROKEE DM MELTON
Supervising Deputy Attorney General


/s/    *Anna Rich*
ANNA RICH
Deputy Attorney General

*Attorneys for State of California*

---

[1] Plaintiffs' note for the Court that their motion to relate this case to another similar lawsuit challenging the Rule, *City and County of San Francisco, et al. v. U.S. Citizenship and Immigration Services*, et al., Case No. 3:19-cv-04717-PJH (N.D. Cal. Aug. 13, 2019), is currently pending.  Dkt. No. 17.

3

Plaintiffs Admin. Mot. to Exceed Page Limit (3:19-cv-04975)