JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
ALEXANDER K. HAAS, SBN 220932
Branch Director
ERIC J. SOSKIN
Senior Trial Counsel
KERI L. BERMAN
KUNTAL V. CHOLERA
JOSHUA M. KOLSKY, DC Bar No. 993430
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
  P.O. Box 883
  Washington, D.C. 20044
  Telephone:  (202) 305-7664
  Facsimile:  (202) 616-8470
  Email: joshua.kolsky@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STATE OF CALIFORNIA, *et al.* )<br><br>　　　Plaintiffs, )<br><br>　　　　　v. )<br><br>U.S. DEPARTMENT OF HOMELAND )<br>　　　SECURITY, *et al.*, )<br><br>　　　Defendants. )<br>_____ ) | Case No. 3:19-cv-04975-PJH<br>Case No. 4:19-cv-04980-PJH<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND REQUEST FOR LEAVE TO SERVE DISCOVERY** |
| LA CLINICA DE LA RAZA, *et al.*, )<br><br>　　　Plaintiffs, )<br><br>　　　　　v. )<br><br>DONALD J. TRUMP, *et al.*, )<br><br>　　　Defendants. )<br>_____ ) | Date: March 4, 2020<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................ 2

ARGUMENT ..................................................................................................... 3

I.   The APA Limits Judicial Review of Agency Action to the Administrative Record .......... 3

II.  The Court Should Deny Plaintiffs' Request to Expand the Administrative Record ........... 5

   A.   Policy Documents That Were Not Considered Are Not Part of the Record ................ 5

   B.   Defendants Will Add the USCIS Article and Supporting Materials to the Record ...... 8

   C.   Plaintiffs Have Not Shown That Additional Materials Relating to Forms Should Be Included in the Record ........................................................................................ 8

   D.   Documents Relating to the Process Leading to the Rule Are Not Part of the Record .. 9

   E.   Plaintiffs Are Not Entitled to A Privilege Log ........................................................ 14

III. Plaintiffs Are Not Entitled to Discovery ......................................................... 16

IV.  Any Order Authorizing Discovery or Broadly Expanding the Administrative Record Should Be Stayed Pending Resolution of Defendants' Motion to Dismiss ...................... 20

CONCLUSION ................................................................................................... 21

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

# TABLE OF AUTHORITIES

**Cases**

*Ad Hoc Metals Coalition v. Whitman*,
  227 F. Supp. 2d 134 (D.D.C. 2002) ............................................................. 10

*Asse Int'l, Inc. v. Kerry*,
  2018 U.S. Dist. LEXIS 115514 (C.D. Cal. Jan. 3, 2018) ............................. 9, 10, 14

*Baltimore v. Trump*,
  2019 U.S. Dist. LEXIS 219262 (D. Md. Dec. 19, 2019) .............................. 19

*Bay.org v. Zinke*,
  No. 17-cv-01176, 2018 U.S. Dist. LEXIS 139115 (E.D. Cal. Aug. 16, 2018) .......................... 5

*Blue Ocean Inst. v. Gutierrez*,
  503 F. Supp. 2d 366 (D.D.C. 2007) ............................................................ 15

*Bowen v. Massachusetts*,
  487 U.S. 879 (1988) ................................................................................... 16

*California v. BLM*,
  No. 18-cv-00521, 2019 U.S. Dist. LEXIS 56688 (N.D. Cal. Apr. 2, 2019) ............................ 13

*California v. Dep't of Labor*,
  No. 13-2069, 2014 U.S. Dist. LEXIS 57520 (E.D. Cal. Apr. 24, 2014) ...................... 8, 12, 14

*Camp v. Pitts*,
  411 U.S. 138 (1973) ...................................................................................... 7

*Carlsson v. USCIS*,
  No. 12-7893, 2015 U.S. Dist. LEXIS 39620 (C.D. Cal. Mar. 23, 2015) ................................ 12

*Chang v. USCIS*,
  254 F. Supp. 3d 160 (D.D.C. 2017) ............................................................. 16

*Checkosky v. SEC*,
  23 F.3d 452 (D.C. Cir. 1994) ...................................................................... 10

i

*Cheney v. United States Dist. Court,*
   542 U.S. 367 (2004) ............................................................................... 14

*City & Cty. of S.F. v. USCIS,*
   408 F. Supp. 3d 1057 (N.D. Cal. 2019) ........................................... 2, 21

*City & Cty. of S.F. v. USCIS,*
   944 F.3d 773 (9th Cir. 2019) ..................................................... 2, 19, 21

*Comprehensive Cmty. Dev. Corp. v. Sebelius,*
   890 F. Supp. 2d 305 (S.D.N.Y. 2012) ............................................ 10, 12

*Cook Inletkeeper v. EPA,*
   400 F. App'x 239 (9th Cir. 2010) .............................................. 4, 8, 14

*Dep't of Commerce v. New York,*
   139 S. Ct. 2551 (2019) .................................................. 4, 17, 18, 20

*Dep't of Homeland Sec. v. New York,*
   No. 19A785, 2020 U.S. Dist. LEXIS 813 (Jan. 27, 2020) ................... 2, 21

*Deukmejian v. Nuclear Regulatory Com.,*
   751 F.2d 1287 (D.C. Cir. 1984) ........................................................ 4

*Fla. Power & Light Co. v. Lorion,*
   470 U.S. 729 (1985) ..................................................................... 4, 5

*FTC v. Warner Commc'ns Inc.,*
   742 F.2d 1156 (9th Cir. 1984) ......................................................... 10

*Great Am. Ins. Co. v. United States,*
   No. 10-0757, 2012 U.S. Dist. LEXIS 6498 (E.D. Cal. Jan. 19, 2012) ...... 15

*Grill v. Quinn,*
   No. 12-9718, 2013 U.S. Dist. LEXIS 119789 (N.D. Ill. Aug. 23, 2013) ..... 19

*Harkness v. Secretary of Navy,*
   858 F.3d 437 (6th Cir. 2017) ........................................................... 16

*Harvard Pilgrim Health Care of New Eng. v. Thompson,*
   318 F. Supp. 2d 1 (D.R.I. 2004) ...................................................... 17

*Hunton & Williams LLP v. EPA*,

   248 F. Supp. 3d 220 (D.D.C. 2017) ................................................................. 16

*In re DOD & EPA Final Rule: Clean Water Rule: Definition of "Waters of the United States"*,

   No. 15-3751, 2016 U.S. App. LEXIS 18309 (6th Cir. Oct. 4, 2016) ....................................... 11

*In re Fin. Oversight & Mgmt. Bd.*,

   390 F. Supp. 3d 311 (D.P.R. 2019) ................................................................. 16

*In re United States*,

   138 S. Ct. 443 (2017) ................................................................. 15, 21

*J.L. v. Cissna*,

   No. 18-4914, 2019 U.S. Dist. LEXIS 88356 (N.D. Cal. Mar. 8, 2019)................................... 19

*Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*,

   58 F. Supp. 3d 1191 (D.N.M. 2014) ................................................................. 17

*Kolley v. Adult Protective Servs.*,

   725 F.3d 581 (6th Cir. 2013) ................................................................. 20

*Loumiet v. United States*,

   225 F. Supp. 3d 79 (D.D.C. 2016) ................................................................. 20

*Madison Cty. Bldg. & Loan Ass'n v. Fed. Home Loan Bank Bd.*,

   622 F.2d 393 (8th Cir. 1980) ................................................................. 12

*Morgan v. United States*,

   304 U.S. 1 (1938) ................................................................. 4

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,

   463 U.S. 29 (1983) ................................................................. 10

*N. Arapaho Tribe v. Ashe*,

   92 F. Supp. 3d 1160 (D. Wyo. 2015) ................................................................. 17

*National Sec. Archive v. CIA*,

   752 F.3d 460 (D.C. Cir. 2014) ................................................................. 4

*Nat'l Nutritional Foods Ass'n v. FDA*,

   491 F.2d 1141 (2d Cir. 1974)................................................................. 17

*Nat'l Nutritional Foods Ass'n v. Mathews*,

    557 F.2d 325 (2d Cir. 1977)............................................................................. 12

*Nat'l Wildlife Fed'n v. U.S. Forest Serv.*,

    861 F.2d 1114 (9th Cir. 1988) ...................................................................... 16

*NLRB v. Sears, Roebuck & Co.*,

    421 U.S. 132 (1975)..................................................................................... 10

*Norris & Hirschberg, Inc. v. SEC*,

    163 F.2d 689 (D.C. Cir. 1947) ..................................................................... 11

*Oceana, Inc. v. Ross*,

    920 F.3d 855 (D.C. Cir. 2019) ..................................................................... 14

*Olenhouse v. Commodity Credit Corp.*,

    42 F.3d 1560 (10th Cir. 1994) ..................................................................... 11

*Outdoor Amusement Bus. Ass'n Inc. v. Dep't of Homeland Sec.*,

    No. 16-1015, 2017 U.S. Dist. LEXIS 117545 (D. Md. July 27, 2017) ............................ 10, 12

*Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*,

    448 F. Supp. 2d 1 (D.D.C. 2006) ............................................................. 5, 6, 10

*Petrus v. Bowen*,

    833 F.2d 581 (5th Cir. 1987) ....................................................................... 20

*Portland Audubon Soc'y v. Or. Lands Coal.*,

    984 F.2d 1534 (9th Cir. 1993) ................................................................... 9, 13

*Protect Lake Pleasant, Ltd. Liab. Co. v. Connor*,

    2010 U.S. Dist. LEXIS 77991 (D. Ariz. July 29, 2010) ......................................... 7

*Public Power Council v. Johnson*,

    674 F.2d 791 (9th Cir. 1982) ......................................................................... 7

*Puerto Rico Public Housing Administration v. HUD*,

    59 F. Supp. 2d 310 (D.P.R. 1999)............................................................. 19, 20

*Safari Club Int'l v. Jewell*,

    No. 16-94, 2016 U.S. Dist. LEXIS 195006 (D. Ariz. July 7, 2016)............................ 6

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

*Saget v. Trump*,

    375 F. Supp. 3d 280 (E.D.N.Y. 2019) ................................................................. 20

*San Luis & Delta-Mendota Water Auth. v. Jewell*,

    No. 15-1290, 2016 U.S. Dist. LEXIS 82204 (E.D. Cal. June 23, 2016) ........................... 12, 14

*San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*,

    789 F.2d 26 (D.C. Cir. 1986) .......................................................................... 11

*Sierra Pac. Indus. v. Dep't of Agric.*,

    No. 11-1250, 2011 U.S. Dist. LEXIS 147424 (E.D. Cal. Dec. 22, 2011) ............................. 14

*Silver State Land, LLC v. Beaudreau*,

    59 F. Supp. 3d 158 (D.D.C. 2014) ...................................................................... 7

*Stand Up for California! v. Dep't of Interior*,

    71 F. Supp. 3d 109 (D.D.C. 2014) ................................................................. 12, 15

*Tafas v. Dudas*,

    530 F. Supp. 2d 786 (E.D. Va. 2008) .............................................................. 4, 9, 15

*Thompson v. Dep't of Labor*,

    885 F.2d 551 (9th Cir. 1989) .......................................................................... 5

*Tornay v. United States*,

    840 F.2d 1424 (9th Cir. 1988) ........................................................................ 15

*Town of Norfolk v. Army Corps of Eng'rs*,

    968 F.2d 1438 (1st Cir. 1992) ........................................................................ 11

*Trump v. Hawaii*,

    138 S. Ct. 2392 (2018) ............................................................................... 18

*United States v. Carpenter*,

    No. 99-00547, 2011 U.S. Dist. LEXIS 116659 (D. Nev. Oct. 7 2011) ............................... 12

*United States v. Morgan*,

    313 U.S. 409 (1941) ................................................................................. 11

*Vermont Yankee Nuclear Power Corp. v. NRDC*,

    435 U.S. 519 (1978) .................................................................................. 3

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

*Village of Arlington Heights v. Metropolitan Housing Development Corporation*,

   429 U.S. 252 (1977)..................................................................................................... 18

*Voyageurs Nat'l Park Ass'n v. Norton*,

   381 F.3d 759 (8th Cir. 2004) ....................................................................................... 17

*Wildearth Guardians v. U.S. Forest Serv.*,

   713 F. Supp. 2d 1243 (D. Colo. 2010).................................................................... 5, 6

*Winnemen Wintu Tribe v. U.S. Forest Serv.*,

   No. 09-1072, 2014 U.S. Dist. LEXIS 101467 (E.D. Cal. July 24, 2014) ................................... 4

   **Statute**

5 U.S.C. § 706............................................................................................... 3, 16, 17

# INTRODUCTION

Plaintiffs' Motions to Compel Completion of the Administrative Record and Request for Leave to Serve Discovery, *California*, ECF No. 149; *La Clinica*, ECF No. 150, hinge on a fundamental misunderstanding of the nature and scope of judicial review in challenges to agency action under the Administrative Procedure Act ("APA").

Plaintiffs have challenged the legality of *Inadmissibility on Public Charge Grounds*, 84 Fed. Reg. 41292 (Aug. 14, 2019) ("Rule"), a final rule issued by the Department of Homeland Security after notice and public comment. Consistent with longstanding principles of record review, Defendants have submitted an extensive, certified administrative record for the Rule. Governing law is clear that resolution of a challenge to the legality of federal agency action is presumptively limited to the administrative record, absent a strong showing of bad faith or improper behavior not present here.

Plaintiffs have nevertheless moved to have the Court expand the administrative record and to order discovery. Plaintiffs insist that Defendants include in the record various policy documents based on nothing more than Plaintiffs' belief that the policies relate to subjects discussed in the Rule. But the relevant standard is whether the decisionmaker considered, directly or indirectly, the documents in connection with the rulemaking, and Plaintiffs have not presented evidence of such consideration. Next, Plaintiffs' request that Defendants include all agency communications in any way "related to the Rule" is not only completely unreasonable, it is flatly inconsistent with the well-settled principle that APA review focuses on the agency's *decision*, not the *process* leading to the decision. Decades of precedent support Defendants' position that such deliberative materials are not part of an administrative record. And because deliberative and other privileged materials are not part of a record in the first place, there is no requirement that they be listed on a privilege log.

Plaintiffs also would have this Court deviate from well-established legal principles by ordering discovery to proceed without any demonstration of bad faith or improper behavior—a standard Plaintiffs have not met. Instead, Plaintiffs assert that, because they have strategically pleaded a stand-alone constitutional claim, they are entitled to discovery. However, their position

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

cannot be squared with the APA, Supreme Court precedent, or the underlying policies limiting discovery to the administrative record; namely, that federal agencies are entitled to a presumption of regularity and that judicial inquiry into executive motive is a significant intrusion into workings of a co-equal branch of government.  This is particularly true in a case such as this involving the federal government's discretionary power to admit or exclude aliens, which requires an especially deferential standard of review that is inconsistent with intrusive discovery.

For these reasons, as discussed further below, Plaintiffs' motions should be denied in full.

## BACKGROUND

The *California* and *La Clinica* Plaintiffs filed their complaints on August 16, 2019, challenging the Rule under the APA and the equal protection clause of the Constitution.  *See California*, ECF No. 1; *La Clinica*, ECF No. 1.  On October 11, 2019, this Court granted the *California* Plaintiffs' motion for a preliminary injunction and denied the *La Clinica* Plaintiffs' motion because they do not fall within the zone of interests of the statute forming the basis of their APA claims.  *See City & Cty. of S.F. v. USCIS*, 408 F. Supp. 3d 1057, 1072 (N.D. Cal. 2019).  On December 5, 2019, the Ninth Circuit stayed the preliminary injunction pending appeal, finding, among other things, that Defendants have shown a strong likelihood of success on the merits.  *See City & Cty. of S.F. v. USCIS*, 944 F.3d 773, 781 (9th Cir. 2019).  On January 27, 2020, the Supreme Court granted the federal government's motion for a stay pending appeal of two injunctions issued by the United States District Court for the Southern District of New York against the same Rule, necessarily finding that the federal government is likely to prevail on the merits in that litigation. *See Dep't of Homeland Sec. v. New York*, No. 19A785, 2020 U.S. LEXIS 813, at *1 (Jan. 27, 2020).

On November 25, 2019, Defendants timely served the administrative record on Plaintiffs by making the record available to download from an online portal.[1]  The record is copious and consists of 380,287 pages of materials (plus ten very large Excel files produced in native format)

---

[1] Because Plaintiffs' counsel in one of these matters was unable to access the record through the online portal, Defendants provided them a copy of the record saved to a portable drive on November 27, 2019.

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

including public comments; rulemaking documents; Federal Register documents; sources from DHS and other agencies such as the Department of Health and Human Services, the Department of State, the Bureau of Labor Statistics, the Federal Trade Commission, the Census Bureau, the Department of Housing and Urban Development, the Internal Revenue Service, the Department of Labor, and the Social Security Administration; numerous secondary sources, including articles, dictionaries, and websites; materials relating to meetings between DHS and outside groups concerning the Rule, and nearly 200 raw data files.  *See* Declaration of Lisa Cisneros, Ex. 1 (ECF No. 149-2).  The parties' counsel conferred about Plaintiffs' objections to the scope of the administrative record and were unable to reach agreement.[2]

On January 29, 2020, the *California* and *La Clinica* Plaintiffs filed the instant motions. The *La Clinica* motion largely incorporates arguments made in the *California* motion.  Therefore, unless otherwise indicated, references in this opposition to "Motion" are to the *California* motion, references to "Plaintiffs" are to the *California* Plaintiffs, and references to ECF entries are to the *California* docket.

## ARGUMENT

### I.      The APA Limits Judicial Review of Agency Action to the Administrative Record

The Supreme Court has "made it abundantly clear" that APA review focuses on the "contemporaneous explanation of the agency decision" that the agency rests upon.  *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 549 (1978); *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."); *see also* 5 U.S.C. § 706(2) ("the court shall review the whole record or those parts of it cited by a party").  In contrast to lawsuits in which the factual record is developed during the litigation through civil discovery, in APA cases, the "task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents

---

[2] The parties are continuing to confer about the public comments included in the administrative record to ensure that all 266,077 public comments are included.

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (internal citation omitted). "The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.* at 744.

Importantly, APA review is focused on the agency *decision*, not the *process* leading to that decision. *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) (APA review is of the "agency's stated justification, not the predecisional process that led up to the final, articulated decision"). It is "not the function of the court to probe the mental processes" of the agency decisionmaker in conducing administrative review. *Morgan v. United States*, 304 U.S. 1, 18 (1938). Accordingly, "agency officials should be judged by what they decided, not for matters they considered before making up their minds." *National Sec. Archive v. CIA*, 752 F.3d 460, 462 (D.C. Cir. 2014). And the "principle that judges review administrative action on the basis of the agency's *stated* rationale and findings . . . is well-established." *Deukmejian v. Nuclear Regulatory Com.*, 751 F.2d 1287, 1325 (D.C. Cir. 1984) (emphasis in original).

As Plaintiffs concede (Motion at 2), an agency's designation and certification of the administrative record is entitled to a presumption of administrative regularity that can only be overcome with clear evidence. *See, e.g.*, *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) ("We assume that an 'agency properly designated the Administrative Record absent clear evidence to the contrary.'" (citation omitted)); *see also Fla. Power & Light Co.*, 470 U.S. at 744 ("courts are to decide, *on the basis of the record the agency provides*, whether the action passes muster under the appropriate APA standard of review." (emphasis added)). To rebut the strong presumption of regularity, a plaintiff must (1) "identify reasonable, non-speculative grounds for the belief that the [omitted] documents were considered by the agency"; and (2) "identify the materials . . . with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist[.]" *Winnemem Wintu Tribe v. U.S. Forest Serv.*, No. 09-1072, 2014 U.S. Dist. LEXIS 101467, at *27 (E.D. Cal. July 24, 2014) (citations omitted). "It is insufficient for a plaintiff to 'simply assert that the documents are relevant, were before the agency at the time it made its decision, and were inadequately considered.'" *Id.* (citations,

4

brackets, and ellipses omitted); *see also Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 7 (D.D.C. 2006) ("The sheer volume and complexity of this [1,593-page] administrative record suggests that it is complete."). As discussed below, Plaintiffs have not rebut the presumption of regularity here.

## II.   The Court Should Deny Plaintiffs' Request to Expand the Administrative Record

### A.   Policy Documents That Were Not Considered Are Not Part of the Record

Plaintiffs argue that various agency policy documents should have been included in the administrative record because they relate generally to subjects discussed in the Rule and they "were before the Agency during the rulemaking process[.]" Mot. at 5. That overbroad conception of the record is contrary to established Ninth Circuit case law, which defines an administrative record as consisting of materials "*considered* by agency decision-makers[.]" *Thompson v. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis added). Indeed, adopting such a "broad application of the phrase 'before the agency' would undermine the value of judicial review: Interpreting the word 'before' so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless." *Bay.org v. Zinke*, No. 17-cv-01176, 2018 U.S. Dist. LEXIS 139115, at *10 (E.D. Cal. Aug. 16, 2018). For that reason, "courts have repeatedly emphasized that the 'touchstone' of the analysis should be the decisionmakers' actual consideration at the time of the agency action in question[.]" *Safari Club Int'l v. Jewell*, No. 16-94, 2016 U.S. Dist. LEXIS 195006, at *12 (D. Ariz. July 7, 2016); *see also Wildearth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1256 (D. Colo. 2010) ("The proper touchstone remains the decision makers' actual consideration, and a party moving to complete the record must show with clear evidence the context in which materials were considered by decision makers in the relevant decision making process."). And "[c]ourts have repeatedly found that possession is insufficient to prove actual consideration." *Safari Club*, 2016 U.S. Dist. LEXIS 195006, at *13. Indeed, if a document were required to be included in an administrative record simply because it relates to the subject matter of the agency decision and is in the agency's possession, there would be no meaningful distinction between the contents of an administrative

record and the scope of ordinary civil discovery.

Accordingly, Plaintiffs' belief that certain policy documents cover subjects that are "implicated by the Rule," Mot. at 6, or are "relevant" to the Rule, *id*., does not suffice to show those policies were *considered* by the decisionmaker.  For instance, the mere fact that a policy document "govern[s] admissibility and adjustment decisions, affidavits of support, [or] public charge bonds" does not necessarily mean that the document was considered by the decisionmaker in connection with the rulemaking.  *Id*.; *see also* Cisneros Decl. ¶¶ 27-28 (arguing that the Rule "implicat[es]" the general subject matter of various policies); *id*. ¶¶ 62-62 (suggesting that certain documents should be included in the record because they "address posting, cancellation, and breaching of immigration bonds").  Plaintiffs' demand that DHS include documents in the record simply because they relate to topics discussed in the Rule is, in effect, a Rule 34 request for the production of policy documents, not a valid objection to the scope of the administrative record. *See Pac. Shores*, 448 F. Supp. 2d at 6 (a plaintiff "cannot meet its burden simply by asserting that the documents are relevant, were before or in front of the [agency] at the time it made its decision, and were inadequately considered" but instead must show that "the documents were considered by the agency and not included in the record").  Importantly, Defendants did not categorically exclude policy documents from the record.  Rather, where DHS determined that a policy was considered, directly or indirectly, by the decisionmaker, it included the policy in the record.  *See, e.g.*, Cisneros Decl., Ex. 1 at 4-5 (administrative record index listing various policy documents).[3]

To the extent that Plaintiffs are arguing that the policy documents must be added to the record based on Plaintiffs' belief that the decisionmaker *should have* considered them, the "relevant inquiry here is not what the plaintiff believes the agency should have considered prior to making its decision[,] . . . [which] is wholly irrelevant to what the agency actually *did* consider during the time period at issue." *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 166

---

[3] Plaintiffs incorrectly state that during the meet and confer process, Defendants justified not including certain policy documents because "the Agency did not *actively* consider them." Mot. at 6 (emphasis added).  Defendants' counsel did not use the qualifier "actively."  Defendants' position has always been that policies that were not considered, directly or indirectly, by the decisionmaker should not be included in the record.

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

(D.D.C. 2014).  If Plaintiffs believe that the record is "plainly inadequate" to support the agency's decision, Mot. at 1, then the next step is not to "complete[]" the record with documents never even considered by the decisionmaker.  It is instead for Plaintiffs to file a merits brief asking that the decision be set aside.  *See Camp v. Pitts*, 411 U.S. 138, 143 (1973).

Plaintiffs also suggest that the materials should be included as "background information" under *Public Power Council v. Johnson*, 674 F.2d 791 (9th Cir. 1982).  Mot. at 6.  But the standard from that case applies "to permit explanation or clarification of technical terms or subject matter[.]"  *Id*. at 794.  Plaintiffs do not explain why the policies are necessary to explain any technical terms or subject matter relating to Plaintiffs' claims.  *See Protect Lake Pleasant, Ltd. Liab. Co. v. Connor*, 2010 U.S. Dist. LEXIS 77991, at *12-13 (D. Ariz. July 29, 2010) (rejecting attempt to introduce extra-record materials as background information where information was non-technical).

Next, Plaintiffs claim that two policy documents – Chapter 61.1 of the USCIS Adjudicator's Field Manual ("AFM") and Volume 7, Part B of the USCIS Policy Manual – were referenced in the NPRM and/or the Rule and therefore should be included in the record.  Mot. at 6.  But the administrative record already contains Chapter 61.1 of the AFM.  *See* Cisneros Decl., Ex. 1 at 5.  As for Volume 7, Part B of the Policy Manual, although the record already contains a portion of that document, Defendants agree to add the full version of Part B to the record.  Defendants also agree to add two other documents cited in the Rule or Notice of Proposed Rulemaking: Volume 8, Part B, Chapter 3 of the Policy Manual and Chapter 10.8 of the AFM.

Lastly, Plaintiffs have requested internal versions of certain policy documents for which public versions are already included in the record.  Mot. at 6.  With limited exceptions, there are not substantive differences between the public versions included in the record and the internal versions.  Nevertheless, to resolve this issue, Defendants agree to add the internal versions of the Policy Manual and AFM documents contained in the record, with one exception.  The Rule's citation to Volume 8, Part B, Chapter 3 of the Policy Manual is expressly to the online public version of that document.  *See* 84 Fed. Reg. 41292, 41497.  The internal version, which contains non-public case handling guidance and references to decision-making templates, was not

considered in connection with the rulemaking and therefore should not be included in the record.

### B.  Defendants Will Add the USCIS Article and Supporting Materials to the Record

Next, Plaintiffs request that Defendants include a historical overview of the public charge inadmissibility statute that was posted to the USCIS website as well as "the studies and data regarding inadmissibility decisions on public charge grounds referenced in and related to the analysis presented in that article[.]"  Mot. at 7.  Defendants agree to add the USCIS article and the data, articles, and relevant portions of books cited therein to the administrative record.  To the extent that Plaintiffs seek additional studies or data "related to the analysis presented in that article," *id*., or "omitted from the USCIS article," *id*. at 8, it is unclear what studies and data Plaintiffs are referring to.  Plaintiffs fail to present "clear evidence" that the decisionmaker considered additional studies or data beyond those discussed in the article.  *Cook Inletkeeper*, 400 F. App'x at 240.

### C.  Plaintiffs Have Not Shown That Additional Materials Relating to Forms Should Be Included in the Record

Plaintiffs mention in passing their belief that the administrative record should include unspecified "records related to the Agency's development of forms related to public charge determinations and estimates regarding the burdensomeness of forms[.]"  Mot. at 3, 9 n.8.  The record already contains numerous documents relating to forms used in connection with public charge inadmissibility determinations, including documents related to the Paperwork Reduction Act.  *See* Cisneros Decl., Ex. 1 at 3 (listing numerous forms); *id*. at 4-5 (listing several documents pertaining to the Paperwork Reduction Act).  It is unclear what additional documents relating to these topics Plaintiffs believe should be included in the record.

Even if Plaintiffs could identify such additional documents, there would be no need to add them to the record because Plaintiffs' complaint does not raise any claims relating to any agency forms or the Paperwork Reduction Act.  *See generally* Complaint; *see also California v. Dep't of Labor*, No. 13-2069, 2014 U.S. Dist. LEXIS 57520, at *20 (E.D. Cal. Apr. 24, 2014) (denying motion to add correspondence to administrative record where correspondence "pertained to

[agency] decisions not challenged here").  Although Plaintiffs note that they raised arguments in their preliminary injunction motion relating to these issues, Mot. at 9 n.8, that does not suffice to plead a new claim that was omitted from the complaint.  Indeed, Plaintiffs could not plead a claim based on the Paperwork Reduction Act, for the reasons discussed in Defendants' Opposition to Motion for Preliminary Injunction, Dkt. No. 97, at 32.

### D.  Documents Relating to the Process Leading to the Rule Are Not Part of the Record

Plaintiffs also insist that Defendants include in the administrative record every internal or external agency communication in any way "related to the Rule."  Mot. at 3, 9-12.  At the outset, Plaintiffs' shockingly broad request covers an immense quantity of material, given the enormous number of emails and other communications in some sense "related to the Rule."  But Plaintiffs' more fundamental error is that such communications are precisely the type of materials that are *not* relevant under APA review.  As discussed above in Section I, it is well-settled that the scope of APA review is on the "agency's stated justification, not the predecisional process that led up to the final, articulated decision."  *Tafas*, 530 F. Supp. 2d at 794.  Therefore, documents reflecting the deliberative process that led to the agency's decision are simply not pertinent to the Court's review of the agency decision and should not be included in the administrative record.  As the U.S. District Court for the Central District of California recently explained:

> Because APA review is limited to the agency's stated reasons and the agency's deliberations are immaterial, the agency may "exclude materials that reflect internal deliberations" when designating the administrative record. Thus, privileged materials are not part of the administrative record in the first instance. The Ninth Circuit recognized this, in principle, when it distinguished ex parte contacts between decisionmakers and outside parties, which are part of the administrative record, and "the internal deliberative processes of the agency [and] the mental processes of individual agency members," which are not.

*Asse Int'l, Inc. v. Kerry*, 2018 U.S. Dist. LEXIS 115514, at *7-8 (C.D. Cal. Jan. 3, 2018) (citing *Portland Audubon Soc'y v. Or. Lands Coal.*, 984 F.2d 1534 (9th Cir. 1993); other citations omitted).

This sensible rule, embraced by the overwhelming majority of courts, is premised on two independent rationales.  First, it is "not the function of the court to probe the mental processes" of

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

the agency.  *Morgan*, 304 U.S. at 18.  That is why an "agency's action must be upheld, if at all, *on the basis articulated by the agency itself*."  *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (emphasis added).  Changes in position or discussions prior to that final agency action simply are not evidence of arbitrary and capricious decision-making, and, accordingly, they are immaterial to this Court's review.  *See, e.g.*, *Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. 16-1015, 2017 U.S. Dist. LEXIS 117545, at *59 (D. Md. July 27, 2017) ("judicial review of agency action 'should be based on an agency's stated justification, not the predecisional process that led up to the final, articulated decision.'").

Second, excluding deliberative materials from the administrative record "prevent[s] injury to the quality of agency decisions" by encouraging uninhibited and frank discussion of legal and policy matters.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975). "To require the inclusion in an agency record of documents reflecting internal agency deliberations could hinder candid and creative exchanges regarding proposed decisions and alternatives, which might, because of the chilling effect on open discussion within agencies, lead to an overall decrease in the quality of decisions." *Ad Hoc Metals Coalition v. Whitman*, 227 F. Supp. 2d 134, 143 (D.D.C. 2002); *accord Asse Int'l,* 2018 U.S. Dist. LEXIS 115514, at *9 ("[T]he Ninth Circuit has cautioned that forced disclosure of predecisional deliberative communications can have an adverse impact on government decision-making.") (citing *FTC. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1162 (9th Cir. 1984)); *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012) (noting that excluding deliberative materials from an administrative record "advances the functional goal of encouraging the free flow of ideas within agencies, with agency employees not inhibited by the prospect of judicial review of their notes and internal communications[.]"); *Outdoor Amusement Bus. Ass'n*, 2017 U.S. Dist. LEXIS 117545, at *21 ("Maintaining the confidentiality of predecisional internal opinions and discussions 'protects the integrity of the decision-making process' and ensures that agency actions are judged based on what was decided, not on what was considered." (citing cases)).

To illustrate these points, consider that a district court reviewing an agency decision under the APA functions as an appellate court.  *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) ("Reviews of agency action in the district courts must be processed as appeals.").  And the scope of the APA record can be analogized to the scope of an appellate court record.  Just as a circuit court reviewing a district court decision would not consider materials relating to the district judge's deliberations that led to the decision under review (such as communications between the judge and his or her law clerks, bench memoranda, or draft opinions), an agency's deliberative materials are likewise irrelevant under APA review.  *See Checkosky v. SEC*, 23 F.3d 452, 489 (D.C. Cir. 1994) ("Agency opinions, like judicial opinions, speak for themselves. And agency deliberations, like judicial deliberations, are for similar reasons privileged from discovery.").  "Just as a judge cannot be subjected to such scrutiny, . . . so the integrity of the administrative process must be equally respected." *United States v. Morgan*, 313 U.S. 409, 422 (1941) (citations omitted).

With the exception of vacated or reversed decisions, the circuit courts that have addressed the issue have all concluded that the administrative record does *not* include deliberative and privileged materials.  *See, e.g.*, *In re DOD & EPA Final Rule: Clean Water Rule: Definition of "Waters of the United States,"* No. 15-3751, 2016 U.S. App. LEXIS 18309, at *5 (6th Cir. Oct. 4, 2016) ("Many of the [agency] memoranda identified by petitioners contain predominantly deliberative materials and were properly omitted from the record."); *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (en banc) (explaining that, absent bad faith, transcripts of deliberative agency proceedings must not be considered on judicial review); *Town of Norfolk v. Army Corps of Eng'rs*, 968 F.2d 1438, 1455-58 (1st Cir. 1992) (upholding non-inclusion in the record of documents that were subject to attorney-client and deliberative process privileges); *Norris & Hirschberg, Inc. v. SEC*, 163 F.2d 689, 693 (D.C. Cir. 1947) ("[I]nternal memoranda made during the decisional process . . . are never included in a record."); *Madison Cty. Bldg. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 622 F.2d 393, 395 n.3

(8th Cir. 1980) (stating that "staff memoranda and recommendations . . . used by an agency in reaching a decision . . . may be excluded from the record"); *see also Nat'l Nutritional Foods Ass'n v. Mathews*, 557 F.2d 325, 333 (2d Cir. 1977) (affirming district court's refusal to compel deliberative material because "under the standard enunciated by the Supreme Court in *Citizens to Preserve Overton Park v. Volpe*, . . . the record in the case . . . sufficiently discloses the rationale underlying the administrative body's action and the factors considered in its decision").

Many district courts within the Ninth Circuit have likewise concluded that deliberative and privileged materials are not part of an administrative record. *See, e.g.*, *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 15-1290, 2016 U.S. Dist. LEXIS 82204, at *54 (E.D. Cal. June 23, 2016) ("deliberative documents are not part of the administrative record"); *California*, 2014 U.S. Dist. LEXIS 57520, at *36-37 ("internal agency deliberations are properly excluded from the administrative record"); *Carlsson v. USCIS*, No. 12-7893, 2015 U.S. Dist. LEXIS 39620, at *18 n.5 (C.D. Cal. Mar. 23, 2015) ("To the extent that plaintiffs seek to discover and add to the record deliberations or communications between agency staff, such material is not properly part of an administrative record."); *United States v. Carpenter*, No. 99-00547, 2011 U.S. Dist. LEXIS 116659, at *8 (D. Nev. Oct. 7, 2011) (denying motion to complete record with documents related to internal deliberations or mental processes). And a plethora of district courts outside this Circuit have held the same. *See, e.g.*, *Stand Up for California! v. Dep't of Interior*, 71 F. Supp. 3d 109, 123 (D.D.C. 2014) ("[P]rivileged and deliberative materials are not part of the administrative record as a matter of law.'"); *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 312 ("[D]eliberative materials antecedent to the agency's decision fall outside the administrative record."); *Outdoor Amusement Bus. Ass'n*, 2017 U.S. Dist. LEXIS 117545, at *57 ("The law is clear: predecisional and deliberative documents 'are not part of the administrative record"); *Great Am. Ins. Co. v. United States*, No. 12-9718, 2013 U.S. Dist. LEXIS 119789, at *21 (N.D. Ill. Aug. 23, 2013) (undisputed that "'neither the internal deliberative process of the agency nor the mental

processes of individual agency members' are proper components of the administrative record" (citing *Portland Audubon Soc'y*, 984 F.2d at 1549)).

Defendants acknowledge that there are decisions from this District to the contrary. But, as the foregoing makes clear, those decisions are outliers in conflict with decades of precedent from throughout the nation. Mot. at 10-11. They are not binding on this Court and should not be followed here. Indeed, Plaintiffs do not claim that any Ninth Circuit authority compels this Court to deviate from the majority view. On the contrary, the Ninth Circuit has strongly suggested that deliberative materials are *not* properly part of the record for APA review by distinguishing between, on the one hand, what must properly be included in the record and, on the other, documents concerning "the internal deliberative processes of the agency [and] the mental processes of individual agency members." *Portland Audubon Society*, 984 F.2d at 1549. That approach accords with that taken by other courts of appeals to have considered the question.

Even if deliberative materials were somehow relevant to this Court's APA review (they are not), Plaintiffs' demand that Defendants include in the record all communications in any way "related to the Rule." Mot. at 3, 9-12, is massively overbroad. Whether or not the Court agrees with Defendants that deliberative materials are not part of an administrative record, no authority supports Plaintiffs' view that a record must contain every communication related to an agency rulemaking. *See California v. BLM*, No. 18-cv-00521, 2019 U.S. Dist. LEXIS 56688, at *7-8 (N.D. Cal. Apr. 2, 2019) ("The administrative record before the agency . . . does not include 'every scrap of paper that could or might have been created'"). Plaintiffs cite no case adopting such an expansive view of the contents of an administrative record, and any such rule, if applied generally, would impose crushing burdens on Executive Branch agencies, even beyond those of ordinary civil discovery. This is especially true here, where the scope of the rulemaking at issue – involving a Rule spanning hundreds of pages and responding to over 266,000 public comments – necessarily produced an immense volume of emails and other communications "related to the Rule."

Finally, Plaintiffs' request that the Court order Defendants to include in the record White House communications to DHS related to the Rule raises additional concerns.  In *Cheney v. United States Dist. Court*, 542 U.S. 367 (2004), the Supreme Court emphasized that discovery directed to the White House raises "special considerations" regarding "the Executive Branch's interests in maintaining the autonomy of its office" and "[t]he high respect that is owed to the office of the Chief Executive." *Id*. at 385 (alteration in original).  The Court specifically rejected the contention that the White House could sufficiently protect itself against intrusive discovery through individual privilege assertions, holding that the White House should not unnecessarily be placed in the position of having to assert executive privilege.  *Id*. at 390.  As the Court explained, "[o]nce executive privilege is asserted, coequal branches of the Government are set on a collision course" and "[t]he Judiciary is forced into the difficult task of balancing the need for information in a judicial proceeding and the Executive's Article II prerogatives." *Id*. at 389.  The burdens that would be placed on the White House here are directly analogous to those deemed improper in *Cheney*.

### E.  Plaintiffs Are Not Entitled to A Privilege Log

Because privileged documents do not form part of the administrative record in the first place, it follows that Defendants should not be required to provide a privilege log listing documents supposedly "withheld" from the record.  *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("predecisional and deliberative documents 'are not part of the administrative record to begin with,' so they 'do not need to be logged as withheld from the administrative record'").  Given the consensus that privileged materials do not form part of the record, the Ninth Circuit has declined to require an agency to supply a privilege log with the record.  *See Cook Inletkeeper*, 400 F. App'x at 240.  Numerous district courts within this circuit have done the same.  *See, e.g., ASSE Int'l*, 2018 U.S. Dist. LEXIS 115514, at *8; *San Luis & Delta-Mendota Water Auth.*, 2016 U.S. Dist. LEXIS 82204, at *54-56; *California*, 2014 U.S. Dist. LEXIS 57520, at *36-37; *Sierra Pac. Indus. v. Dep't of Agric.*, No. 11-1250, 2011 U.S. Dist. LEXIS 147424, at *8-10 (E.D. Cal. Dec. 22, 2011).

And that conclusion is, of course, not limited to district courts within this circuit.  *See, e.g., Stand Up for California!*, 71 F. Supp. 3d at 122 (collecting cases)); *Tafas*, 530 F. Supp. 2d at 801; *Great Am. Ins. Co.*, 2013 U.S. Dist. LEXIS 119789, at \*21-26.

Plaintiffs cite two Ninth Circuit decisions but neither requires the government to provide a privilege log for an administrative record.  Mot. at 11.  In *In re United States*, the Ninth Circuit (in a now-vacated opinion) declined to adopt a rule requiring production of a privilege log.  875 F.3d 1200, 1210 (9th Cir. 2017), *vacated*, 138 S. Ct. 443 (2017).  There, the Court specifically noted that it had "not previously addressed whether assertedly deliberative documents must be logged" and cited that "absence of controlling precedent" as a key basis in declining to enter a writ of mandamus, "a drastic and extraordinary remedy reserved only for really extraordinary cases."  *Id.*  This hardly suggests that production of privileged materials or a privilege log is compulsory.  In fact, the court recognized that materials reflecting "literal deliberations" of decisionmakers "are generally not within the scope of the administrative record."  *Id.*  Plaintiffs also cite *Tornay v. United States*, 840 F.2d 1424 (9th Cir. 1988) but that case says nothing at all about whether an administrative record must be accompanied by a privilege log, but rather, analyzed whether the IRS could enforce a summons served on a party's attorney.

Practical considerations underlying APA litigation also warrant denial of Plaintiffs' request for a privilege log.  A rule "requiring the United States to identify and describe on a privilege log all of the deliberative documents would invite speculation into an agency's predecisional process and potentially undermine the limited nature of review available under the APA."  *Great Am. Ins. Co.*, 2013 U.S. Dist. LEXIS 119789, at \*25.  It would also pose substantial burdens on agencies, leading to delays and frustrating APA judicial review on the merits. "The privilege question would have to be resolved before judicial review of the administrative decision could even begin."  *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 372 & n.4 (D.D.C. 2007).

Finally, there is no merit to Plaintiffs' suggestion that the deliberative process privilege does not apply to inter-agency communications concerning the Rule.  Mot. at 11.  It is well-settled

that the "'deliberative process' privilege . . . shields from public disclosure confidential *inter-agency* memoranda on matters of law or policy." *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir. 1988) (emphasis added); *In re Fin. Oversight & Mgmt. Bd.*, 390 F. Supp. 3d 311, 322 (D.P.R. 2019) ("It is well settled in the First Circuit that the deliberative process privilege applies to inter-agency memoranda."); *Hunton & Williams LLP v. EPA*, 248 F. Supp. 3d 220, 247 (D.D.C. 2017) ("The deliberative process can . . . span between two different agencies."). Accordingly, USDA's pre-decisional comments on the notice of proposed rulemaking, Mot. at 11, are privileged.  Notably, the record already does contain several reports and other factual materials from USDA.  *See* Cisneros Decl., Ex. 1, at 12.  USDA's comments, however, are part of the deliberative process and are not relevant to this Court's APA review.

### III.    Plaintiffs Are Not Entitled to Discovery

Plaintiffs also contend that they should be permitted to conduct discovery of the Executive Branch because they have asserted claims under the equal protection clause of the U.S. Constitution.  Mot. at 12-19.  But constitutional claims are also subject to the terms and limitations of the APA.  The APA's "central purpose" is to "provid[e] a broad spectrum of judicial review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  And because the APA itself provides for judicial review of agency action that is "contrary to constitutional right[s]," 5 U.S.C. § 706(2)(B), its record-review requirements apply to constitutional claims challenging agency action.  Indeed, it would make little to sense to allow a plaintiff broader discovery simply because it purports to bring a stand-alone constitutional challenge instead of one under the APA.

For these reasons, courts routinely reject attempts by plaintiffs to obtain discovery in support of their constitutional claims against the federal government.  *See, e.g.*, *Harkness v. Secretary of Navy*, 858 F.3d 437, 451 & n.9 (6th Cir. 2017) (rejecting argument that "discovery was necessary because '[c]onstitutional issues cannot be decided on the administrative record'"); *Chang v. USCIS*, 254 F. Supp. 3d 160, 161-62 (D.D.C. 2017) (rejecting argument that plaintiffs were entitled to discovery on constitutional claims against the federal government); *N. Arapaho*

*Tribe v. Ashe*, 92 F. Supp. 3d 1160, 1171 (D. Wyo. 2015) (finding that "when conducting constitutional review of agency action, a court must limit its review to the administrative record unless an exception applies"); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1232 (D.N.M. 2014) ("The presence of a constitutional claim does not take a court's review outside of the APA . . . and courts must . . . respect agency fact-finding and the administrative record when reviewing agency action for constitutional infirmities[.]"); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) ("[T]he presence of a constitutional claim does not alter the requirements . . . that federal courts confine their review to the record of those proceedings."). To conclude otherwise would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations [in order] to trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure." *Jarita Mesa Livestock*, 58 F. Supp. 3d at 1238.

Because Plaintiffs' action, if it may proceed at all, must proceed under the APA, the Court is presumptively limited to reviewing the administrative record compiled by the agency. *See* 5 U.S.C. § 706. While there is a "narrow exception" to the APA's record-review requirement where plaintiffs make a "strong showing of bad faith or improper behavior," *Department of Commerce*, 139 S. Ct. at 2573-74, Plaintiffs did not make that showing here. "These exceptions apply only under extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). Absent such a strong showing, a court may not "entertain an inquiry as to the extent of [the decisionmaker's] investigation[,]" "the methods by which he reached his determination[,]" or "the relative participation of the [decisionmaker] and his subordinates." *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1145 (2d Cir. 1974).

Plaintiffs give passing mention to the bad faith exception in a footnote. Mot. at 5 n.3. To the extent that Plaintiffs are suggesting that various alleged statements by government officials

establish bad faith, Plaintiffs' showing is plainly inadequate.  Most of those statements concern immigration in general, not the Rule at issue in this case.  *See* Mot. at 13-14.  The few statements allegedly connected to the Rule suggest only that a White House advisor directed agencies to prioritize the Rule over other efforts, Cisneros Decl., Ex. 44, and that his motivation allegedly was to "have some wins," *id.*, Ex. 34 at 235, not because of any discriminatory motive.  *See Dep't of Commerce*, 139 S. Ct. at 2573 ("[A] court may not set aside an agency's policymaking decision solely because it might have been influenced by political considerations or prompted by an Administration's priorities.").  Accordingly, Plaintiffs' sparse allegations of improper motive do not constitute a "strong showing" of "bad faith or improper behavior," particularly considering the well-supported, non-discriminatory justifications in the administrative record.  Because Plaintiffs have not made the necessary strong showing of bad faith to overcome the default constraints of record review, the Court should not permit any extra-record discovery.

Moreover, discovery would be especially inappropriate here because of the highly deferential standard of review applicable to Plaintiffs' constitutional claims.  Those claims, if they are reviewable at all, are subject to, at most, the deferential rational basis standard articulated in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018).  Plaintiffs contend that their equal protection claims should be reviewed under the standard established by *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977), and that they are therefore entitled to wide-ranging discovery.  Mot. at 13.  Plaintiffs provide no support for their contention that *Arlington Heights* is applicable here.  The *Hawaii* decision reaffirmed the necessity of applying a deferential standard in areas like immigration, which rely on the foreign affairs expertise of the political branches.  *See Hawaii*, 138 S. Ct. at 2418-19.[4]  Under rational basis review, not only are

_____

[4] Discovery into matters implicating "the foreign affairs power of the Executive," including its authority over immigration policy, is especially disfavored given the "substantial deference that is and must be accorded to the Executive" in this area.  *Hawaii*, 138 S. Ct. at 2424 (Kennedy, J., concurring).  There is no dispute that this case, involving the agency's interpretation of the public charge inadmissibility provision, directly implicates the power to admit or exclude aliens.  As the Ninth Circuit recognized, this is an area in which the Executive Branch maintains wide discretion.

the *Arlington Heights* factors referred to by Plaintiffs irrelevant, but discovery in general is inappropriate. Rational basis scrutiny is satisfied "so long as [the Agency's action] can reasonably be understood to result from a justification independent of unconstitutional grounds." *Hawaii*, 138 S. Ct. at 2420. The applicability of this deferential review to this immigration matter is clear, and indeed, the District of Maryland recently applied this exact analysis in its decision denying discovery on equal protection claims concerning revision of the public charge criteria for visa applications. *Baltimore v. Trump*, 2019 U.S. Dist. LEXIS 219262, at *29-33 (D. Md. Dec. 19, 2019).[5]

None of the decisions cited by Plaintiffs suggests that discovery is appropriate here. *Grill v. Quinn*, No. 10-0757, 2012 U.S. Dist. LEXIS 6498 (E.D. Cal. Jan. 19, 2012) involved an alleged breach of contract by the U.S. Forest Service, in which plaintiff alleged a procedural due process violation alongside an APA claim. Defendants do not concede that that case was properly decided, but in any event, a recent district court decision in the Northern District of California, denying extra-record discovery as to constitutional claims, explains why *Grill* is not on point here. *See J.L. v. Cissna*, No. 18-4914, 2019 U.S. Dist. LEXIS 88356, at *4-5 (N.D. Cal. Mar. 8, 2019) (distinguishing *Grill* on the grounds that the "Plaintiffs' constitutional and APA claims cannot be cleanly differentiated"). Just so here, where Plaintiffs' constitutional claim, like their APA challenge, is an attack on the result of the agency's notice-and-comment rulemaking, and not a "challenge [to] a specific adjudication" applying the Rule. *Id*. at *5.

In *Puerto Rico Public Housing Administration v. HUD*, 59 F. Supp. 2d 310 (D.P.R. 1999), the court permitted discovery into constitutional claims because, unlike here, there was "no administrative record" regarding those claims. *Id*. at 328. Indeed, the court emphasized that

---

*See San Francisco.*, 944 F.3d at 791-92.

[5] The Court in *Baltimore* found "on the particulars of [that] case," that the APA did not preclude discovery on the plaintiff's constitutional challenge. *Id*. at 15. Although the government disagrees with that ruling, those particulars include the fact that that case did not involve a "challenge[] to an agency adjudication or rule promulgated after formal or informal proceedings." *Id*. at 16. In contrast, this case does involve a challenge to a rule promulgated after informal proceedings.

"[e]ven when constitutional claims have been made, wide-ranging discovery is not blindly authorized at a stage in which an administrative record is being reviewed." *Id.* at 327. Next, the court in *Saget v. Trump*, 375 F. Supp. 3d 280 (E.D.N.Y. 2019), did not permit extra-record discovery simply because the plaintiff asserted an equal protection claim. Rather, the court had already concluded that it would consider extra-record discovery since it found that the plaintiffs had "proffered significant evidence," including documents and testimony, sufficient to qualify for an exception to the discovery limitation. *Id.* at 343.[6]

For these reasons, the Court should deny Plaintiffs' request to take discovery in this case challenging federal agency action.

## IV. Any Order Authorizing Discovery or Broadly Expanding the Administrative Record Should Be Stayed Pending Resolution of Defendants' Motion to Dismiss

Although Defendants strongly dispute Plaintiffs' entitlement to discovery or expansion of the administrative record, if the Court disagrees, at the very least, it should defer discovery or a discovery-like expansion of the administrative record until the Court resolves Defendants' forthcoming motion to dismiss. "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016); *see also See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

---

[6] Plaintiffs also reference a district court ruling permitting discovery in the census litigation, which involved claims that the challenged government action violated the constitutional guarantee of equal protection. Mot. at 16. But the Supreme Court later held that the district court "should not have ordered extra-record discovery when it did" because those plaintiffs had not made the "strong showing of bad faith or improper behavior" required to justify such discovery. 139 S. Ct. at 2574. The Court explained that extra-record discovery was ultimately justified there, but it became proper only after the plaintiffs had identified material in the administrative record that justified such discovery. *Id.* Before that point, discovery outside the agency record was "premature." *Id.* The Supreme Court decision in *Department of Commerce* therefore confirms that the mere presence of an equal protection claim is *not* sufficient to permit discovery.

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel

A stay would be especially warranted here considering that the Ninth Circuit has already determined that "DHS is likely to succeed on the merits" of Plaintiffs' APA claims. *See San Francisco*, 944 F.3d at 805. And although the Ninth Circuit has not yet had an opportunity to address Plaintiffs' equal protection claim, the Supreme Court considered essentially identical equal protection claims brought by plaintiffs in the Southern District of New York. The Supreme Court granted the government's motion for a stay pending appeal of two injunctions issued in that litigation against the same Rule. *See Dep't of Homeland Sec. v. New York*, No. 19A785, 2020 U.S. LEXIS 813, at *1 (Jan. 27, 2020). In doing so, the Court necessarily determined that the government was likely to prevail against the claims in those cases, including the equal protection claims. In addition, this Court has already held that the *La Clinica* Plaintiffs are not within the zone of interests of the statute forming the basis of their APA claims. *See City & Cty. of S.F.*, 408 F. Supp. 3d at 1072. Given these rulings, it would be particularly inequitable to force Defendants to undergo intrusive discovery or comply with burdensome demands to expand the administrative record before the Court decides threshold questions including whether the Court has jurisdiction and whether Plaintiffs' complaint states a claim. *See In re United States*, 138 S. Ct. 443, 445 (2017) (finding that the U.S. District Court for the Northern District of California should have stayed implementation of its order to expand the administrative record and first resolved the government's threshold arguments).[7]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: February 12, 2020                    Respectfully submitted,


                                            JOSEPH H. HUNT
                                            Assistant Attorney General

---

[7] To be sure, the stipulated schedules in place in these cases provide for Defendants to complete the administrative record, if ordered to do so, before moving to dismiss. *See* ECF No. 145, at 3. However, given that Plaintiffs' request to supplement the administrative record is as expansive as civil discovery, if not moreso, Defendants should have the opportunity to move to dismiss Plaintiffs' claims before complying with any order to broadly expand the administrative record.

1

2

ALEXANDER K. HAAS, SBN 220932
Branch Director

3

*/s/ Joshua Kolsky*

4

KERI L. BERMAN
KUNTAL V. CHOLERA

5

JOSHUA M. KOLSKY, DC Bar 993430
ERIC J. SOSKIN

6

Trial Attorneys

7

U.S. Department of Justice
Civil Division, Federal Programs Branch

8

P.O. Box 883
Washington, D.C. 20044

9

joshua.kolsky@usdoj.gov

10

*Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*State of Cal.*, No. 19-4975-PJH; *La Clinica*, No. 19-4980-PJH
Opp'n to Mot. to Compel