XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
CHEROKEE DM MELTON
Supervising Deputy Attorney General
ANNA RICH, State Bar No. 230195
JENNIFER C. BONILLA
LISA CISNEROS
REBEKAH FRETZ
KATHERINE LEE
JULIA HARUMI MASS
ANITA GARCIA VELASCO
BRENDA AYON VERDUZCO
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0296
 Fax:  (510) 622-2270
 E-mail:  Anna.Rich@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF MAINE, COMMONWEALTH OF PENNSYLVANIA AND STATE OF OREGON,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,<br><br>Defendants. | Case No. 4:19-cv-04975-PJH<br><br>**PLAINTIFFS' STATEMENT OF RECENT DECISION**<br><br>Dept: Courtroom 3, 3rd Floor<br>Judge: Hon. Phyllis Hamilton<br>Trial Date: Not set.<br>Action Filed: August 16, 2019 |

Pursuant to Civil Local Rule 7-3(d)(2), Plaintiffs the State of California, the District of Columbia, the State of Maine, the State of Oregon, and the Commonwealth of Pennsylvania wish to bring the Court's attention a judicial opinion that is relevant to Defendants' pending motion to dismiss. On June 4, 2020, the United States District Court for the Eastern District of Washington issued the attached decision in *State of Washington v. U.S. Department of Homeland Security*, No. 4:19-cv-05210-RMP, (E.D. Wash. June 4, 2020), denying a motion to stay discovery relating to the plaintiffs' equal protection claim challenging the same Rule at issue in this case (*Inadmissibility on Public Charge Grounds*, 84 Fed. Reg. 41,292 (Aug. 14, 2019)).

Dated: June 8, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
CHEROKEE DM MELTON
Supervising Deputy Attorney General
JENNIFER BONILLA
LISA CISNEROS
REBEKAH FRETZ
KATHERINE LEHE
JULIA HARUMI MASS
ANITA GARCIA VELASCO
BRENDA AYON VERDUZCO

/s/Anna Rich
ANNA RICH
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

| | |
|---|---|
| KARL A. RACINE<br>Attorney General for the District of Columbia<br>KATHLEEN KONOPKA<br>Deputy Attorney General<br>Public Advocacy Division<br>ALACOQUE HINGA NEVITT<br>Assistant Attorney General<br>441 4th Street, N.W.<br>Washington, DC 20001<br>Tel (202) 724-6532<br>Fax (202) 730-1900<br>Alacoque.nevitt@dc.gov<br>*Attorneys for Plaintiff District of Columbia* | ELLEN ROSENBLUM<br>Attorney General of Oregon<br>NICOLE DEFEVER<br>Assistant Attorneys General<br>Oregon Department of Justice<br>1162 Court St. NE<br>Salem, OR 97301<br>(503) 378-4402<br>Benjamin.Gutman@doj.state.or.us<br>Nicole.Defever@doj.state.or.us<br>Patty.Rincon@doj.state.or.us<br>*Attorneys for Plaintiff State of Oregon* |
| AARON M. FREY<br>Attorney General of Maine<br>SUSAN P. HERMAN<br>Chief Deputy Attorney General<br>6 State House Station<br>Augusta, Maine 04333-0006<br>Tel (207) 626-8814<br>susan.herman@maine.gov<br>*Attorneys for Plaintiff State of Maine* | JOSH SHAPIRO<br>Attorney General for the Commonwealth of Pennsylvania<br>MICHAEL J. FISCHER<br>Chief Deputy Attorney General<br>AIMEE D. THOMSON<br>Deputy Attorney General<br>1600 Arch St., Suite 300<br>Philadelphia, PA 19103<br>Tel (267) 940-6696<br>athomson@attorneygeneral.gov<br>*Attorneys for Plaintiff Commonwealth of Pennsylvania* |

SA2018100389

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON; COMMONWEALTH OF VIRGINIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF ILLINOIS; COMMONWEALTH OF MASSACHUSETTS; DANA NESSEL, Attorney General on behalf of the people of Michigan; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF RHODE ISLAND; STATE OF MARYLAND; STATE OF HAWAI'I, <br><br>                  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a federal agency; KEVIN K. MCALEENAN, in his official capacity as Acting Secretary of the United States Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, a federal agency; KENNETH T. CUCCINELLI, II, in his official capacity as Acting Director of United States Citizenship and Immigration Services,<br><br>                  Defendants. | NO: 4:19-CV-5210-RMP <br><br> ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: EQUAL PROTECTION CLAIM |

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER
RE: EQUAL PROTECTION CLAIM ~ 1

BEFORE THE COURT is Defendants'[1] ("DHS") Motion for Stay of Order permitting discovery related to Plaintiffs'[2] (the "States") equal protection claim, ECF No. 213. The Court previously resolved on an expedited schedule DHS's Motion for Stay of Order in part, with respect to DHS's obligation to provide a privilege log, denying a stay but allowing DHS an extended opportunity to produce the log on a rolling basis. ECF No. 219. Having considered the remainder of DHS's motion, the States' opposition, Defendants' reply, the remaining docket, and the relevant law, the Court is fully informed.

## BACKGROUND

The States are challenging DHS's regulatory redefinition of who to exclude from immigration status as "likely . . . to become a public charge." 8 U.S.C. § 1182(a)(4)(A); *see* Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) ("Public Charge Rule"). In the Amended Complaint, the States raise four causes of action: (1) a violation of the Administrative Procedure Act

---

[1] Defendants in this lawsuit are the United States Department of Homeland Security ("DHS"), Acting Secretary of DHS Kevin K. McAleenan, United States Citizenship and Immigration Services ("USCIS"), and Acting Director of USCIS Kenneth T. Cuccinelli II (collectively, "DHS").

[2] The Plaintiffs in this lawsuit are the State of Washington, Commonwealth of Virginia, State of Colorado, State of Delaware, State of Hawai'i, State of Illinois, State of Maryland, Commonwealth of Massachusetts, Attorney General Dana Nessel on behalf of the People of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, and State of Rhode Island (collectively, the "States").

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: EQUAL PROTECTION CLAIM ~ 2

1  ("APA"), 5 U.S.C. § 706(2)(C), for agency action "not in accordance with law"; (2)
2  a violation of the APA, 5 U.S.C. § 706(2)(C), for agency action "in excess of
3  statutory jurisdiction [or] authority" or "*ultra vires*"; (3) a violation of the APA, 5
4  U.S.C. § 706(2)(C), for agency action that is "arbitrary, capricious, [or] an abuse of
5  discretion"; and (4) a violation of the guarantee of equal protection under the U.S.
6  Constitution's Fifth Amendment Due Process Clause. ECF No. 31 at 161−70.
7     On April 17, 2020, the Court granted the States' Motion to Compel discovery
8  on the equal protection claim. *See* ECF No. 210. On May 5, 2020, DHS moved to
9  stay the Court's Order granting discovery until resolution of a then-unfiled motion to
10 dismiss. ECF No. 213. On May 22, 2020, DHS filed a Motion to Dismiss the
11 States' Amended Complaint under Fed. R. Civ. P. 12(b)(6). ECF No. 223. DHS
12 filed its Motion to Dismiss in lieu of an answer, more than eight months after the
13 States filed their Amended Complaint. ECF Nos. 31, 211, and 223.

14                           **DISCUSSION**

15    DHS seeks to stay the requirement of responding to any discovery requests
16 from the States until after the Court resolves DHS's Motion to Dismiss. ECF Nos.
17 223; 225 at 2. The States oppose a stay of discovery and maintain that DHS's
18 "deliberate choice to wait until now to file their motion—and to see a stay of all
19 discovery in the meantime—frustrates 'the just, speedy, and inexpensive
20 determination' of this dispute." ECF No. 220 at 6 (quoting Fed. R. Civ. P. 1).
21

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER
RE: EQUAL PROTECTION CLAIM ~ 3

1     The four factors to consider regarding a stay of a prior order include: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

    "'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken*, 556 U.S. at 433 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, a stay is "'an exercise of judicial discretion,'" and "'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Virginian R. Co.*, 272 U.S. at 272−73) (alterations omitted).

    Under Fed. R. Civ. P. 26(c), district courts may stay discovery on a showing of "good cause." Blanket stays of discovery pending resolution of a dispositive motion generally are disfavored in this Circuit. *See Expineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-698-KJM-CKD, 2019 U.S. Dist. LEXIS 117567, at *3 (E.D. Cal. July 15, 2019) ("Faced with express requests, courts have generally rejected parties' requests for a stay of discovery while a dispositive motion is pending."); *see also Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 600−01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect.").

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER
RE: EQUAL PROTECTION CLAIM ~ 4

1  As the Court previously found, *see* ECF No. 219 at 3, DHS makes no showing
2  in its Motion to Stay of a likelihood of success on the merits. In this motion, DHS
3  asserts that "the Supreme Court has already determined that the Government is
4  likely to succeed in its defense of the DHS rule." ECF No. 225 at 2. DHS argues
5  that by staying two preliminary injunctions that district courts in other circuits had
6  entered against the Public Charge Rule "the [Supreme] Court must have determined
7  that there is 'a fair prospect that a majority of the Court will conclude that the
8  decision below was erroneous.'" *Id.* (quoting *Conkright v. Frommer*, 556 U.S.
9  1401, 1402 (2009) (Ginsburg, J., in chambers) (quoting *Rostker v. Goldberg*, 448
10 U.S. 1306, 1308 (1980) (Brennan, J., in chambers)).
11 In January 2020, the Supreme Court stayed the preliminary injunctions issued
12 by the Southern District of New York and the Northern District of Illinois in one-
13 paragraph opinions in January and February 2020, lifting the injunctions pending
14 final resolution of the cases and allowing the Public Charge Rule to take effect in the
15 interim. *Dep't of Homeland Security v. New York*, 140 S. Ct. 599 (2020); *Wolf v.*
16 *Cook County, Ill.*, 140 S. Ct. 681 (2020). However, those decisions were short
17 opinions accompanied by either a lengthy concurrence or dissent.
18 In *New York*, the Court agreed to grant a stay pending the Government's
19 appeal to the Second Circuit. 40 S. Ct. at 599. However, Justice Gorsuch noted at
20 length that a disturbing issue in that case was the proliferation of district courts'
21 granting nationwide injunctions. *Id.* at 599–600. Similarly, in *Cook County*, the

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER
RE: EQUAL PROTECTION CLAIM ~ 5

Court granted the stay pending the Government's appeal to the Seventh Circuit. 140 S. Ct. at 681–82. In that case, Justice Sotomoyor's dissent identified the Government's practice of arguing that a stay is justified because the Supreme Court likely will rule in favor on the merits of the Government's case, based on the Court's previous preliminary ruling, thus truncating the usual appellate process without a coherent articulation of irreparable harm. *Id.* Justice Sotomayor expanded:

> Stay applications force the Court to consider important statutory and constitutional questions that have not been ventilated fully in the lower courts, on abbreviated timetables and without oral argument. They upend the normal appellate process, putting a thumb on the scale in favor of the party that won a stay. (Here, the Government touts that in granting a stay in the New York cases, this Court "necessarily concluded that if the court of appeals were to uphold the preliminary injunctio[n], the Court likely would grant a petition for a writ of certiorari" and that "there was a fair prospect the Court would rule in favor of the government." Application 3.) They demand extensive time and resources when the Court's intervention may well be unnecessary—particularly when, as here, a court of appeals is poised to decide the issue for itself.

140 S. Ct. at 682.

DHS is following the same pattern in their current motion before this Court, relying on preliminary rulings from the Supreme Court on issues that have not been fully briefed or considered on the merits, as authority for this Court to grant their motion for a stay. Contrary to DHS's repeated, heavy reliance on the Supreme Court's and the Ninth Circuit's treatment of the preliminary injunctions throughout the discovery-related briefing in this matter, those opinions do not provide the sweeping justification for the relief that DHS seeks. In the Supreme Court opinions

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: EQUAL PROTECTION CLAIM ~ 6

1 upon which DHS now relies for authority, the Court gave no reasoning, no analysis,
2 and was not addressing discovery. *See New York*, 140 S. Ct. 599; *Cook County*, 140
3 S. Ct. 681. DHS previously relied on the Ninth Circuit Court of Appeals motion
4 panel's opinion deciding to stay the preliminary injunction in this matter as authority
5 for the proposition that no discovery needed to be conducted, and the Court
6 addressed that reliance in its order addressing DHS's Motion to Stay the requirement
7 of producing a privilege log. *See* ECF No. 219 at 3−4; *City & County of San*
8 *Francisco v. USCIS*, 944 F.3d 773, 805 (9th Cir. 2019). The Ninth Circuit did not
9 purport to determine the merits of the claims in this case, and the motion panel did
10 not base its decision on a complete administrative record, which had not yet been
11 produced. ECF No. 219 at 4; *City & County of San Francisco*, 944 F.3d 773.

12 Consequently, this Court finds DHS's bare assertion that the Supreme Court
13 "must have determined, among other things, that the government was likely to
14 prevail on the merits" and that the Supreme Court "necessarily considered the claim
15 that the DHS rule violates the Equal Protection Clause" to be unfounded and
16 speculative in light of the actual content of the Supreme Court's stay opinions.

17 The merits of the claims raised by the States' Amended Complaint are an
18 open question. DHS's repeated conclusory assertions that their pending Motion to
19 Dismiss will preclude any need for discovery do not amount to an adequate showing
20 to support staying discovery on that basis. DHS argues that the Court should resolve
21 the parties' dispute regarding the standard of review that will apply to the equal

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER
RE: EQUAL PROTECTION CLAIM ~ 7

1 protection claim, an issue raised by DHS's Motion to Dismiss, before allowing the
2 States to propound discovery requests. ECF No. 225 at 4−6. However, in a joint
3 status report, DHS indicated that they wanted a determination of the States' Motion
4 to Compel before filing any dispositive motion. ECF No. 193 at 3−4. DHS does not
5 make any showing that they are likely to prevail on the merits beyond repeating its
6 argument that discovery on the equal protection claim is improper and should be
7 deferred until the Motion to Dismiss is determined.
8      Next, with respect to whether DHS will be irreparably harmed by the
9 requirement of responding to discovery requests on the States' equal protection
10 claim, the Court is unpersuaded by DHS's abstract assertions that the requests will
11 be overly intrusive and "likely to raise constitutional and privilege arguments." ECF
12 No. 225 at 5. As the States argue, DHS may claim privilege in response to particular
13 discovery requests, as appropriate; their generalized objections to discovery without
14 any specified requests or reasons for objections are premature. *See* ECF No. 220 at
15 9.
16      The public interest factor also cautions against a stay here, where the Court
17 has found that the States adequately supported their Motion to Compel discovery on
18 their equal protection claim and the Federal Rules of Civil Procedure favor
19 disclosure and expeditious litigation. *See* ECF No. 210 at 12−21; Fed. R. Civ. P. 1.
20 There has been no contention that this case involves national security information or
21

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER
RE: EQUAL PROTECTION CLAIM ~ 8

trade secrets.  Rather, it involves federal government action that should be discoverable by the States.

Therefore, based on all of the relevant factors, the Court finds that DHS has neither met its burden of supporting a stay under *Nken,* 556 U.S. at 433, nor shown good cause to avoid discovery under Fed. R. Civ. P. 26(c).

Accordingly, **IT IS HEREBY ORDERED** that DHS's Motion for Stay of Order, **ECF No. 213**, is **DENIED IN REMAINING PART** with respect to discovery regarding the States' equal protection claim pending resolution of DHS's Motion to Dismiss, ECF No. 223.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 4, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY ORDER
RE: EQUAL PROTECTION CLAIM ~ 9