UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STATE OF CALIFORNIA, et al., | Case No. 19-cv-04975-PJH |
|---|---|
| Plaintiffs, | |
| v. | **ORDER REQUESTING SUPPLEMENTAL BRIEFING** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | Re: Dkt. No. 160 |
| Defendants. | |

As the parties are well aware, on December 5, 2019, a Ninth Circuit motions panel issued a published decision staying this court's preliminary injunction order. City & Cty. of San Francisco v. U.S. Citizenship & Immigration Servs., 944 F.3d 773 (9th Cir. 2019). In its opinion, the panel determined that defendants were likely to succeed on the merits because the public charge final rule's definition of "public charge" was consistent with the relevant statutes and the Department of Homeland Security's ("DHS") rulemaking process was not arbitrary or capricious. Id. at 790. In their briefs, both parties have discussed the potential impact of that decision on defendants' motion to dismiss.

Relevant to the court's consideration of the impact of the motions panel opinion are the law of the circuit and the law of the case doctrines. "Published decisions of [the Ninth Circuit] become law of the circuit, which is binding authority that [the circuit] and district courts must follow until overruled." E. Bay Sanctuary Covenant v. Trump, 950 F.3d 1242, 1261 (9th Cir. 2020) (citing Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)). "Under the law-of-the-case doctrine, . . . courts—at their own discretion—'will generally refuse to reconsider an issue that has already been decided by

the same court or a higher court in the same case.'" Id. (quoting Gonzalez, 677 F.3d at 389 n.4).  The court assumes without deciding that it is bound on those issues that constitute law of the case or law of the circuit.  At the same time, the Ninth Circuit's opinion in East Bay Sanctuary Covenant discussed at length the relationship between motions panel and merits panel opinions and the binding effect of a motions panel on a merits panel.  See id. at 1261–65.  The court also discussed how the merits panel is presented with "doctrinally different" questions than the motions panel.  Id. at 1264.  These issues have potentially broader implications for a case such as this where the Ninth Circuit motions panel has issued a decision but the merits panel has yet to do so.

With that background in mind, the court requests supplemental briefing on the following issues as they pertain to the first and fourth causes of action:

1. Whether and to what extent the Ninth Circuit motions panel opinion's conclusion that defendants are likely to succeed on the merits, binds this court's determination whether plaintiffs state a claim under Federal Rule of Civil Procedure 12(b)(6), given that Rule 12(b)(6) only requires that a plausible claim be stated, and does not require proof, at the pleading stage, that the claim be meritorious.

2. Whether either or both of the two key findings on the first and fourth causes of action, i.e., that the final rule's definition of public charge was reasonable under Chevron step two, and that DHS's rulemaking was not arbitrary or capricious, amount to law of the circuit or law of the case that binds this court.  Or, whether either of these findings is not binding on the court because they contain mixed questions of law and fact.  If the latter, what is the appropriate deference due the motions panel opinion on the two key findings?

3. Whether the court should defer ruling on plaintiffs' first and fourth claims until the Ninth Circuit merits panel issues an opinion on the preliminary injunction.  How would the court reconcile a decision by the merits panel

2

that is contrary to the two key findings of the motions panel?  In other words, if this court were to dismiss the first and fourth causes of action based on the motions panel opinion, would those causes of action be reinstated if the merits panel's opinion was contrary to the motions panel opinion?

Defendants' opening brief shall be filed not later than seven days from the date on which this order is entered.  Plaintiffs' response brief shall be filed not later than fourteen days from the date on which this order is entered.  Both briefs shall not exceed 10 pages and need not include a table of contents or authorities.  The parties shall limit their discussion to plaintiffs' first and fourth causes of action.

**IT IS SO ORDERED.**

Dated: July 9, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge