ETHAN P. DAVIS
Acting Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
ALEXANDER K. HAAS, SBN 220932
Branch Director
ERIC J. SOSKIN
Senior Trial Counsel
KERI L. BERMAN
KUNTAL V. CHOLERA
JOSHUA M. KOLSKY, DC Bar No. 993430
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
  P.O. Box 883
  Washington, D.C. 20044
  Telephone:  (202) 305-7664
  Facsimile:  (202) 616-8470
  Email: joshua.kolsky@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    *Defendants*. | Case No. 19-cv-4975 (PJH)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Courtroom 3<br>Hon. Phyllis Hamilton<br>Trial date: Not set |

Pursuant to the Court's Order Requesting Supplemental Briefing, ECF No. 176, Defendants respectfully submit this Supplemental Memorandum in Support of Defendants' Motion to Dismiss the Complaint ("Mot."), ECF No. 160.  In that Order, the Court requested supplemental briefing regarding three questions relating to Defendants' motion to dismiss.

**I.      Whether and to what extent the Ninth Circuit motions panel opinion's conclusion that defendants are likely to succeed on the merits, binds this court's determination whether plaintiffs state a claim under Federal Rule of Civil Procedure 12(b)(6), given that Rule 12(b)(6) only requires that a plausible claim be stated, and does not require proof, at the pleading stage, that the claim be meritorious.**

It is true that the standards differ between a motion for a stay pending appeal and a motion to dismiss. But if anything, the standard is *higher* to obtain a stay. Thus, if a defendant shows a "strong showing of likelihood of success," as Defendants have here, then the plaintiffs cannot have stated a claim for relief that is plausible on its face, particularly where the determinative issues are purely legal, as here.

A recent decision from the Fourth Circuit illustrates this principle in operation. *See generally IRAP v. Trump*, 961 F.3d 635 (4th Cir. 2020). As relevant here, the plaintiffs in that case had alleged that Presidential Proclamation 9645, the revised "travel ban," was unconstitutional. After a lengthy procedural history in multiple circuits, including this one, the Supreme Court "concluded that the plaintiffs had not shown that they were likely to succeed on the merits of their Establishment Clause claim because 'the Government ha[d] set forth a sufficient national security justification' for the Proclamation 'to survive rational basis review,'" and therefore reversed the preliminary injunction affirmed by the Ninth Circuit. *IRAP*, 961 F.3d at 645 (quoting *Trump v. Hawaii*, 138 S. Ct. 2392, 2423 (2018)).

Upon remand to the district court, the government moved to dismiss, citing the Supreme Court's decision. The district court rejected that argument, differentiating the "highly deferential Rule 12(b)(6) standard" from the Supreme Court's "determin[ation] only that, on the limited record before it, the plaintiffs in that case were not likely to succeed on the merits." *Id.* at 646. On interlocutory appeal, the plaintiffs adopted that argument and urged "the different standards applicable to preliminary-injunction and motion-to-dismiss rulings." *Id.* at 647. They cited

1

*Cal. v. DHS*, Case No. 19-cv-4975-PJH
Suppl. Memorandum in Supp. of Mot. to Dismiss

"limited evidence" and the lack of discovery. *Id.* at 648.

The Fourth Circuit rejected those arguments. *Id.* at 640 ("[W]e conclude that the district court misunderstood the import of the Supreme Court's decision in *Hawaii* and the legal principles it applied. Informed by *Hawaii*, we reverse and remand with instructions to dismiss the plaintiffs' complaints."). First, "while it is true that the Court's *holding* in *Hawaii* was that the plaintiffs there had failed to show 'that they [were] likely to succeed on the merits of their claims,' the *reason* for that holding was the Court's predicate unconditional conclusion that the Proclamation 'survive[s] rational basis review.'" *Id.* at 653. And second, the plaintiffs' argument that "[w]ith a different record after the benefit of discovery," it was "at least plausible that they w[ould] be able to overcome the government's evidence and establish their entitlement to relief," did not adequately "account for they extremely deferential nature of the rational basis review." *IRAP*, 961 F.3d at 653.

The same analysis should follow here. While the Ninth Circuit's *holding* was that Defendants had made a "strong showing of likelihood of success on the merits," on Counts 1 and 4, *City & Cty. of S.F. v. United States Citizenship & Immigration Servs.*, 944 F.3d 773, 807 (9th Cir. 2019), the *reasons* for that holding were (1) that the word "opinion" is classic "language of discretion," under which immigration "officials are given broad leeway"; (2) that "public charge" is neither a "term of art" nor "self-defining," and is thus ambiguous under *Chevron* as "capable of a range of meanings"; (3) that Congress set out five factors for consideration but expressly did not limit officials to those factors, which gave officials "considerable discretion"; (4) that Congress granted DHS the power to adopt regulations, by which "Congress intended that DHS would resolve any ambiguities in the INA"; (5) that DHS had "consider[ed] whether, in the long term, the overall benefits of its policy change will outweigh the costs of retaining the current policy"; and (6) that DHS had "adequately explained the reasons for the Final Rule." *Id.* at 791-92, 804, 805. None of those six reasons will change at a later stage of these proceedings. None of them depends on the development of a factual record or on the fruits of discovery, if any. And just as in *IRAP*, the Court here will apply a deferential review to Counts 1 and 4. *See San Francisco*, 944 F.3d at 799 ("[W]e must defer to [the Rule's interpretation] 'even if the agency's reading differs from what the court

2

*Cal. v. DHS*, Case No. 19-cv-4975-PJH
Suppl. Memorandum in Supp. of Mot. to Dismiss

believes is the best statutory interpretation.")[1]; *Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1146 (9th Cir. 2020) ("We have described the arbitrary and capricious standard as deferential and narrow, establishing a 'high threshold' for setting aside agency action.") (quoting *River Runners for Wilderness v. Martin*, 593 F.3d 1064, 1067, 1070 (9th Cir. 2010) (per curiam)).

Moreover, nothing about the Rule 12(b)(6) standard prevents the Court from applying the *San Francisco* decision to resolve the legal questions implicated by Defendants' motion to dismiss. On the contrary, a "Rule 12(b)(6) motion to dismiss can be entertained in administrative law cases if the complaint 'presents no factual allegations, but rather only arguments about the legal conclusion[s] to be drawn about the agency action[.]'" *R.J. Reynolds Tobacco Co. v. U.S. Dep't of Agric.*, 130 F. Supp. 3d 356, 369 (D.D.C. 2015). "In such a case, 'the sufficiency of the complaint is the question on the merits, and there is no real distinction . . . between the question presented on a 12(b)(6) motion and a motion for summary judgment.'" *Id.*; *see also Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009) (in an APA case, "the district judge sits as an appellate tribunal" and "[t]he entire case on review is a question of law"). Here, there is no dispute about the relevant facts. With regard to count one, the dispute is whether the Rule's interpretation of the INA is reasonable, *see* Mot. at 9-15. That is a pure question of law. *See Izaguirre-Ramos v. INS*, No. 93-70222, 1994 U.S. App. LEXIS 31322, at *5 (9th Cir. Nov. 7, 1994) ("Issues of statutory interpretation are questions of law[.]"). With regard to count four, the dispute centers on whether DHS adequately explained its policy change and whether DHS adequately considered potential harms from the Rule, all of which should be decided by evaluating the legal sufficiency of DHS's explanation in the Rule itself. Mot. at 17-19. Indeed, Plaintiffs did not argue in their opposition that the Court should decline to apply the *San Francisco* opinion because of any differences between the standards for a motion to dismiss and a motion to stay pending appeal. Instead, where they addressed the *San Francisco* decision (which they did only minimally), they argued that the decision was incorrectly decided. *See, e.g.*, Pl's Opp'n to Mot. to Dismiss, ECF No. 161, at 10

---

[1] No appellate court has yet concluded that this case can be resolved at *Chevron* step one. *See Cook Cnty., Ill. v. Wolf*, -- F.3d --, No. 19-3169, 2020 WL 3072046, at *11 (7th Cir. June 10, 2020) ("[T]his case cannot be resolved at *Chevron* step one."); *San Francisco*, 944 F.3d at 798-99.

3

*Cal. v. DHS*, Case No. 19-cv-4975-PJH
Suppl. Memorandum in Supp. of Mot. to Dismiss

("The Stay Order failed to address the core interpretative question . . . ."); *id*. ("the panel erroneously concluded that it is reasonable for the Rule to allow consideration of supplemental, non-cash benefits . . .").

At bottom, while different standards are applied in the motion to stay and motion to dismiss postures, where an appellate court rules that the defendant is likely to succeed for purely legal reasons that could not be altered by further factual development, district courts should dismiss those claims. As the Ninth Circuit has recognized, there is no reason to distinguish between the preliminary injunction and motion to dismiss standards where the result is unlikely to change. *See, e.g.*, *Cook v. Brewer*, 637 F.3d 1002, 1007 (9th Cir. 2011) (affirming dismissal of 8th Amendment claim based on factual predicate that had been rejected in the preliminary injunction context) (citing *Brewer v. Landrigan*, 562 U.S. 996 (2010)). That is the case here.

**II.    Whether either or both of the two key findings on the first and fourth causes of action, i.e., that the final rule's definition of public charge was reasonable under <u>Chevron</u> step two, and that DHS's rulemaking was not arbitrary or capricious, amount to law of the circuit or law of the case that binds this court. Or, whether either of these findings is not binding on the court because they contain mixed questions of law and fact. If the latter, what is the appropriate deference due the motions panel opinion on the two key findings?**

    **A.    The Ninth Circuit's Rulings in *San Francisco* Bind This Court**

The Ninth Circuit's rulings in *San Francisco* regarding the first and fourth causes of action constitute law-of-the-circuit and law-of-the-case that bind the Court. Unlike a non-binding memorandum disposition, the Ninth Circuit has "unequivocally stated that a published decision constitutes binding authority and must be followed unless and until it is overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1053 (9th Cir. 2017). Accordingly, there ordinarily would be no question that the rulings in *San Francisco* control the outcome of Defendants' motion to dismiss, because that motion implicates precisely the same questions of law that were decided in *San Francisco*. The only question, then, is whether the *San Francisco* decision is non-binding because it was issued by a motions panel.

The decision in *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242 (9th Cir. 2020) addresses only whether a Ninth Circuit merits panel may reconsider a decision by a Ninth Circuit

4

motions panel. *Id*. at 1262 ("merits panels of this court frequently depart from published decisions issued by motions panels in the same case"); *id*. at 1263 (discussing "[r]econsideration of a motions panel's decision by a merits panel"). The *East Bay* court ruled that the motions panel decision in that case was "persuasive, but not binding" on the merits panel. *Id*. at 1265. Importantly, however, the *East Bay* decision did not suggest that a district court would not be bound by a published opinion of a motions panel. On the contrary, the *East Bay* court's reasoning indicates that a district court would be bound.

Specifically, the *East Bay* decision focused primarily on the law-of-the-case doctrine. *See, e.g.*, 950 F.3d at 1261 (discussing "exceptions to the law-of-the-case doctrine"); *id*. at 1262 ("Our review of district court orders denying or granting preliminary-injunction requests also does not typically become law of the case[.]"); *id*. ("Merits panels also tend not to extend the [law-of-the-case] doctrine to a prior motions panel's decision in the same case."); *id*. ("we do not apply the law of the case doctrine as strictly in that instance as we do when a second merits panel is asked to reconsider a decision reached by the first merits panel on an earlier appeal"). As the *East Bay* court noted, the law-of-the-case doctrine is discretionary, *id*. at 1261, and its ruling that it was not bound by the motions panel's decision is an application of that discretion. *Id*. ("We do sometimes exercise our discretion to reconsider issues within the same case.").

Law-of-the-case works differently for district courts, however. Where an issue is determined by an appellate court, application of the doctrine is *not* discretionary for district courts. *See Papenthien v. Papenthien*, 16 F. Supp. 2d 1235, 1238 (S.D. Cal. 1998) ("Under the 'law-of-the-case' doctrine, 'when matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court.'") (quoting *Insurance Group Comm. v. Denver & Rio Grande W. R.R.*, 329 U.S. 607, 612 (1947)); 18 Moore's Federal Practice - Civil § 134.21 (2020) ("Lower courts are required to follow the mandate of a higher court after remand on appeal, but when the law of the case doctrine is applied by a court to its own prior decisions, or to the decisions of a coordinate or equal court that has made a prior determination in the case, the doctrine is properly characterized as discretionary in nature."). This means that, although a Ninth Circuit merits panel may, in some situations, exercise its discretion to deviate from a motions panel's

5

rulings, this Court lacks the discretion to do so.

In addition to the law-of-the-case doctrine, the *East Bay* court also briefly addressed the law-of-the-circuit doctrine, and its reasoning there was derivative of its conclusion regarding law-of-the-case. *East Bay*, 950 F.3d at 1263 n.3. Notably, in discussing law-of-the-circuit, the court indicated a distinction between how that doctrine applies to "later merits panels" as compared to "inferior courts in the circuit." *Id*. The court stated: "[T]he first panel to consider an issue sets the law . . . for all the inferior courts in the circuit and future panels of the court of appeals, but motions panels conclusions do not set the law *for later merits panels* in the same case[.]" *Id*. (internal citations and quotation marks omitted; emphasis added). Thus, according to *East Bay*, the "first panel to consider an issue sets the law . . . for all the inferior courts in the circuit," without any exception for decisions by a motions panel. *Id*.; *see also In re Zermeno-Gomez*, 868 F.3d at 1053 (a published decision becomes law of the circuit as soon as it is published).

### B. The Policy Reasons Identified by the Ninth Circuit Do Not Apply Here

The "good policy and practical reasons" identified in *East Bay* for excepting motions panel decisions from law-of-the-case status do not apply with much force here. Although the stay was entered "without oral argument, on limited timelines, and in reliance on limited briefing," the record before the motions panel was not "incomplete." *East Bay*, 950 F.3d at 1263. Plaintiffs' first claim, that the Rule is contrary to law, is a purely legal—it requires no record. *Cf. San Francisco*, 944 F.3d at 790-800 (concluding that the Rule is not contrary to law without relying on any factual record). And Plaintiffs' fourth claim, that the Rule is arbitrary and capricious, was disposed of by the Ninth Circuit by reference to legal precedent and the Rule itself. *See id.* at 804 ("[I]t was sufficient —and not arbitrary and capricious—for DHS to consider whether, in the long term, the overall benefits of its policy change will outweigh the costs of retaining the current policy."); *id.* at 805 ("Because DHS has adequately explained the reasons for the Final Rule, it has demonstrated a strong likelihood of success on the merits."). The only material outside the complaint that is necessary to resolve these claims is the Rule itself, which was considered by the *San Francisco* panel and which can be considered by this Court in adjudicating Defendants' motion to dismiss. Therefore, the record is neither incomplete nor likely to change.  Even the motions panel dissent,

6

*Cal. v. DHS*, Case No. 19-cv-4975-PJH
Suppl. Memorandum in Supp. of Mot. to Dismiss

suggesting five reasons why the stay should be denied, did not suggest that a factual record need be developed. *Id.* at 809 (Owens, J., dissenting).

More importantly, the motions panel decision in this case was not "issued without opinion" or "explanation[]." *East Bay*, 950 F.3d at 1263. The majority issued a *60-page* written opinion canvassing the history and precedent surrounding the term "public charge" and inspecting the Rule for compliance with the Administrative Procedure Act. That opinion stands in stark contrast from *East Bay*, in which the motions panel "repeatedly stressed that the case was still at a very preliminary stage of the proceedings," and expected that "further development of the record as the case progresses may alter their conclusions." *Id.* at 1264 (alterations and quotation marks omitted).

Where the considerations identified in *East Bay* are absent, courts *do* confer law-of-the-case status upon motions panel rulings.[2] *See Fish v. Schwab*, 957 F.3d 1105, 1141 (10th Cir. 2020) ("Here, however, the *Fish I* panel was able to consider the issue fully and issue a lengthy opinion discussing pure issues of law. . . . We, like our sister circuits, think that it makes eminent sense to apply the law of the case doctrine in these circumstances.") (citing *Sherley v. Sebelius*, 689 F.3d 776, 783 (D.C. Cir. 2012) ("The time constraints and limited record available to the court in those cases are not present here. We therefore follow the other circuits in concluding that the exception [to the law-of-the-case doctrine] is not present either."); *Rodriguez v. Robbins*, 804 F.3d 1060, 1080-81 (9th Cir. 2015) (explaining that conclusions on pure issues of law made during appeal of preliminary injunction constitute law of the case), *rev'd on other grounds sub nom. Jennings v. Rodriguez*, — U.S. —, 138 S. Ct. 830 (2018); *Howe v. City of Akron*, 801 F.3d 718, 740 (6th Cir. 2015) (collecting cases from other circuits reaching the conclusion that "when a court reviewing the propriety of a preliminary injunction issues a fully considered ruling on an issue of law with the benefit of a fully developed record, then the conclusions with respect to the likelihood of

---

[2] Although some of these decisions were in a preliminary injunction (not a motion to stay) posture, "[t]here is significant overlap in these standards," and "[t]he first prong in both tests—likelihood of success on the merits—is the same." *San Francisco*, 944 F.3d at 789. The three additional factors considered by the Ninth Circuit when granting the stay—"that DHS will suffer some irreparable harm, that the balance of the hardships favors a stay, and that the stay is in the public interest," *id.* at 805 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009))—are irrelevant to the question whether Plaintiffs have stated a plausible claim.

7

*Cal. v. DHS*, Case No. 19-cv-4975-PJH
Suppl. Memorandum in Supp. of Mot. to Dismiss

success on the merits are the law of the case in any subsequent appeal")); *see also Naser Jewelers, Inc. v. City of Concord*, 538 F.3d 17, 20 (1st Cir. 2008) ("[T]he [law-of-the-case] doctrine applies when [the] court has previously ruled on a motion for preliminary injunction and the record before the prior panel was sufficiently developed and the facts necessary to shape the prior legal matrix were sufficiently clear.") (internal quotation marks omitted). Put simply, any exceptions to law-of-the-case doctrine do not apply here.[3]

**III.   Whether the court should defer ruling on plaintiffs' first and fourth claims until the Ninth Circuit merits panel issues an opinion on the preliminary injunction. How would the court reconcile a decision by the merits panel that is contrary to the two key findings of the motions panel? In other words, if this court were to dismiss the first and fourth causes of action based on the motions panel opinion, would those causes of action be reinstated if the merits panel's opinion was contrary to the motions panel opinion?**

Defendants would not oppose deferring a ruling on Plaintiffs' first and fourth claims until the merits panel issues an opinion. If the Court is inclined to defer ruling on those claims, however, it should stay any other proceedings relating to those claims. It would be inequitable to defer ruling on a meritorious motion to dismiss while also forcing Defendants to devote further time and other resources to litigating these claims.

If the Court does not defer a ruling and if the Court were to dismiss Plaintiffs' first and fourth causes of action on the basis of the *San Francisco* opinion before the merits panel's ruling, thereby in effect denying a permanent injunction on those grounds, it would moot the preliminary injunction appeal for those causes of action. *See, e.g., Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730-31 (9th Cir. 2017); *SEC v. Mount Vernon Memorial Park*, 664 F.2d 1358, 1361-62 (9th Cir. 1982) ("Using 'good sense,' it is pointless for us to decide what preliminary relief the Commission should have obtained…when that count has been dismissed for failure to state a claim and is before us on appeal."). There would consequently be no contrary ruling from the merits panel on the basis of which those causes of action could be brought back into the case. If they chose to do so, at the appropriate time, Plaintiffs could appeal the dismissal of their claims and

---

[3] Under *East Bay*, a motions panel decision is at least "persuasive" on a subsequent Ninth Circuit merits panel and should not "lightly [be] overturn[ed.]" *East Bay*, 950 F.3d at 1262, 1265. If the Court determines that the *San Francisco* opinion is not binding on it, it should at least give the opinion as much deference as would be due from a Ninth Circuit merits panel.

8

*Cal. v. DHS*, Case No. 19-cv-4975-PJH
Suppl. Memorandum in Supp. of Mot. to Dismiss

obtain a merits ruling from the Ninth Circuit. *See Nationwide Biweekly Admin.*, 873 F.3d at 730-31.

Dated: July 16, 2020                              Respectfully submitted,

                                                  ETHAN P. DAVIS
                                                  Acting Assistant Attorney General

                                                  ALEXANDER K. HAAS, SBN 220932
                                                  Branch Director

                                                  */s/ Joshua Kolsky*
                                                  KERI L. BERMAN
                                                  KUNTAL V. CHOLERA
                                                  JOSHUA M. KOLSKY, DC Bar 993430
                                                  JASON LYNCH
                                                  ERIC J. SOSKIN
                                                  Trial Attorneys
                                                  U.S. Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  P.O. Box 883
                                                  Washington, D.C. 20044
                                                  joshua.kolsky@usdoj.gov

                                                  *Attorneys for Defendants*

9

*Cal. v. DHS*, Case No. 19-cv-4975-PJH
Suppl. Memorandum in Supp. of Mot. to Dismiss