XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
CHEROKEE DM MELTON
Supervising Deputy Attorney General
ANNA RICH, State Bar No. 230195
JENNIFER C. BONILLA
LISA CISNEROS
REBEKAH FRETZ
KATHERINE LEHE
JULIA HARUMI MASS
ANITA GARCIA VELASCO
BRENDA AYON VERDUZCO
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-0296
  Fax:  (510) 622-2270
  E-mail:  Anna.Rich@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF MAINE, COMMONWEALTH OF PENNSYLVANIA AND STATE OF OREGON,**<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** *ET AL.***,**<br><br>Defendants. | Case No. 4:19-cv-04975-PJH<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**<br><br>Dept:         Courtroom 3, 3rd Floor<br>Judge:       Hon. Phyllis Hamilton<br>Trial Date: Not set.<br>Action Filed: August 16, 2019 |

Pursuant to the Court's July 9, 2020 Order Requesting Supplemental Briefing, ECF No. 176, Plaintiffs the State of California, the District of Columbia, the State of Maine, the State of Oregon, and the Commonwealth of Pennsylvania (collectively, the States) respectfully submit this supplemental memorandum addressing the Court's questions.  As set out below, the Stay Order should not compel this Court to grant Defendants' Motion to Dismiss the First and Fourth causes of action.  However, the States agree with the Defendants (Suppl. Br. at 8) that this Court may, and should, defer ruling on the motion to dismiss until the Ninth Circuit decides the merits of the appeal on the preliminary injunction to the extent it concludes that the Stay Order is binding.  The appeal has been fully briefed and is scheduled for oral argument on September 15, 2020.  Under the unique circumstances of this case, and given the prospect of a decision on the merits appeal in the very near term, deferring a ruling on aspects of the motion to dismiss will well serve the interests of judicial economy and avoid the possibility of mooting the near-final appeal.

I. **WHETHER AND TO WHAT EXTENT THE NINTH CIRCUIT'S STAY ORDER BINDS THIS COURT'S DETERMINATION OF DEFENDANTS' 12(B)(6) MOTION**

The first question is whether the motions panel's published decision in *City & County of San Francisco v. U.S. Citizenship & Immigration Services*, 944 F.3d 773 (9th Cir. 2019) (hereinafter *San Francisco*), binds this Court in deciding Defendant's motion to dismiss the first and fourth claims (that the Rule is contrary to the Immigration and Nationality Act (INA) and arbitrary and capricious).  The answer is no:  the Stay Order does not require this Court to dismiss the first and fourth causes of action.  As the Ninth Circuit has recently clarified, a motions panel's published legal analysis, in the context of deciding an emergency motion for a stay, is not binding on later merits panels.  *E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1262-65 (9th Cir. 2020) (concluding that language to the contrary in *Lair v. Bullock*, 798 F.3d 736, 747 (9th Cir. 2015), is non-binding dicta); *Innovation Law Lab v. Wolf*, 951 F.3d 1073, 1081 (9th Cir. 2020) (merits panel not bound by motions panel's statutory interpretation).  "The decision whether to grant a stay—much like the decision whether to grant a preliminary injunction" does not "forever bind the merits of the parties' claims" because that "sort of 'pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to 'act responsibly,'

1

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

rather than doling out 'justice on the fly.'" 950 F.3d at 1264 (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011); *see also Al Otro Lado v. Wolf*, 952 F.3d 999, 1015 (9th Cir. 2020) (emphasizing that "the merits of the ultimate appeal—is not before this motions panel" and describing the decision to grant a stay as a "restrained" and "probabilistic endeavor") (citations omitted). "Motions panels' orders are generally issued without oral argument, on limited timelines, and in reliance on limited briefing." *Id*. at 1263 (comparing rules for appellate motions versus merits appeals). And a motion for reconsideration of a motions panel decision, unlike a merits panel determination, is "'rarely subjected' to a thorough reconsideration process; '[f]ull review of a motions panel decision will more like occur only after the merits panel has acted.'" *Id*. (quoting *U.S. v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986)). Because of these limitations, the Ninth Circuit decided in *East Bay Sanctuary* and *Innovation Law Lab* that a motions panel's published decision does not bind a subsequent panel like a decision on the merits of a preliminary injunction may.[1]

Those considerations apply with the same force here. The *San Francisco* motions panel's analysis here was a preliminary, predictive decision regarding Defendants' likelihood of success, which did not purport to finally resolve the States' first and fourth claims. *See, e.g.*, 944 F.3d at 781, 790, 800, and 805 (concluding that Defendants were "likely" or had shown "strong likelihood" of success on the merits). And it was issued without oral argument, on limited timelines, and in reliance on limited briefing. *Cf. E. Bay Sanctuary*, 950 F.3d at 1263. On November 15, 2019 Defendants filed an emergency motion for a stay of this Court's preliminary injunction pending appeal while their motion to this Court for a stay was still pending. The States filed their opposition to the appellate motion for a stay one week later. There was no oral

---

[1] As a general rule, even an appellate court's final disposition of a preliminary injunction appeal "leaves open the final determination of the merits of the case." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007); *see also Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752 (9th Cir. 1982) (observing that even merits panels' decisions in preliminary injunction appeals "may provide little guidance as to the appropriate disposition on the merits" in the district court, in part because of the court of appeals' limited review of the district court's legal conclusions). Nevertheless, a prior decision on legal issues that becomes law of the case may be determinative of the ultimate merits. *See Ranchers*, 499 F.3d at 1114-20 (the court's prior legal conclusions in an order reversing a preliminary injunction were law of the case in a subsequent appeal from summary judgment on an arbitrary and capricious claim).

2

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

1  argument. The motions panel issued its decision on December 5, 2019. Predictive decisions
2  issued this way represent "justice on the fly," *East Bay Sanctuary*, 950 F.3d at 1264, especially
3  when compared to the time devoted to the merits appeal.
4       In similar circumstances, the Tenth Circuit in *Homans v. City of Albuquerque* held that a
5  district court considering a summary judgment motion was *not* bound by a motions panels'
6  published opinion granting an emergency injunction pending appeal. 366 F.3d 900, 905 (10th
7  Cir. 2004); *see also Belbacha v. Bush*, 520 F.3d 452, 458 (D.C. Cir. 2008) (motions panel "order
8  denying preliminary relief, however, does not constitute the law of the case, although it can be
9  persuasive") (citations omitted). *Homans* reasoned that motions panels' decisions are "based on
10 an abbreviated record and made without the benefit of full briefing and oral argument," and
11 concluded that a contrary rule would result in "an unacceptable conflation of the merits decision
12 and the preliminary inquiry." *Id* (citations omitted). The Fourth Circuit's decision in *Int'l
13 Refugee Assistance Project (IRAP) v. Trump*, 961 F.3d 635 (4th Cir. 2020) is not to the contrary,
14 as Defendants contend. There, the court addressed whether a prior, *final* Supreme Court
15 adjudication of a motion for a preliminary injunction, *Trump v. Hawaii*, 138 S. Ct. 2392, 2423
16 (2018), had preclusive effect in the district court proceedings. The same circumstances are not
17 present here.[2]
18      While this Court may consider the Stay Order in evaluating the States' first and fourth
19 claims, its conclusions are still only probabilistic and non-binding for the same reasons they are
20 non-binding on subsequent panels. Moreover, a motion to dismiss raises questions that are
21 "doctrinally distinct" from a motion to stay. *Cf. E. Bay Sanctuary*, 950 F.3d at 1264. For
22 purposes of surviving a 12(b)(6) motion, the States need only state a "cognizable legal theory,"
23 *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted),
24 along with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.
25 Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard is *not* akin to a 'probability

---

[2] Furthermore, the analysis in *IRAP* involved the highly deferential rational basis standard of judicial review applied to administrative decisions implicating national security, which, as the States explained in their opposition brief, does not apply to the public charge rule. *See* Pls.' Opp'n to Mot. to Dismiss at 24-25.

3

requirement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added and citation omitted).

Defendants acknowledge as much, conceding that the Stay Order's *holding* relates to the likelihood of success. Defendants point instead to the Stay Order's *reasoning*, claiming that the Stay Order finally decided pure issues of law, not assessments about the likelihood of success. According to Defendants, "[n]one of the six reasons" offered in the Stay Order "will change at a later stage of these proceedings," Defs.' Suppl. Br. at 2. But that assertion cannot be reconciled with *East Bay Sanctuary*, where the Court identified numerous circumstances in which a merits panel may choose to exercise its discretion to reconsider even legal issues that would otherwise serve as law of the case. *See* 950 F.3d at 1261-63. The fact that the merits panel may reconsider the Stay Order in its entirety underscores the "[t]entative" nature of the motions panel's conclusions. *See id.* at 1263 n.3.

In any event, the Stay Order left crucial legal issues unresolved relating to the States' first and fourth claims, and unresolved legal issues cannot bind this Court. For example, in determining whether the rule is contrary to law, the motions panel appeared to address only whether including in-kind benefits in a public charge assessment is contrary to the public charge statute. But that analysis does not address the separate question of whether Defendants' new durational time limits are contrary to the INA. *See* Pls.' Opp'n at 10 (citing PI Ord. 44, 46-47). These new time limits redefine "public charge" to mean someone who receives one or more enumerated public benefits for more than 12 months in the aggregate within any 36 month period, 84 Fed. Reg. at 41,295, resulting in someone becoming a public charge based on as little as four months' worth of receipt of benefits. The motions panel did not address whether those new aspects of the public charge definition is contrary to the INA. The panel's limited review of the changed public charge definition therefore cannot control this Court's review of that issue. And while the Stay Order's arbitrary and capricious discussion focused on the two aspects of the Rule that this Court found in its preliminary injunction were unreasonable, the States have identified a number of additional defects in the rulemaking that are also plausible bases for the fourth claim.

4

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

1  *See* Pls. Opp'n at 17-21 (describing additional allegations that the Rule is arbitrary and
2  capricious).
3    Finally, in the absence of a complete administrative record, the motions panel's opinion
4  cannot be appropriately characterized as offering "purely legal reasons that could not be altered,"
5  *cf*. Defs.' Suppl. Br. at 4. While the States' APA claims do not depend on resolution of extrinsic
6  factual questions, they do depend on the factual record before the agency, which this court has
7  determined is not yet complete. *See* ECF No. 159, Order Granting in Part and Denying in Part
8  Motions to Complete the Record and Granting Motions to Compel Discovery at 13-23. There
9  may be some APA cases, such as those Defendants cite, which the parties agree raise "pure
10 questions of law" for which the record is irrelevant or unnecessary, *see, e.g.*, *R.J. Reynolds*
11 *Tobacco Co. v. U.S. Dep't of Agric.*, 130 F. Supp. 3d 356, 369 (D.D.C. 2015), but this is not such
12 a case. The rule challenged here hinges on whether the agency "fails to consider important
13 aspects of the issue before it" or "if it supports its decisions with explanations contrary to the
14 evidence." *Dreamcatcher Wild Horse & Burro Sanctuary v. U.S. Dep't of the Interior*, 751 F.3d
15 1054, 1061 (9th Cir. 2014) (citing *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005)).
16 A complete record is necessary to evaluate those claims. *See Rempfer v. Sharfstein*, 583 F.3 860,
17 865 (D.C. Cir. 2009) (noting that APA review is "*based on the agency record*") (emphasis
18 added).
19   "If a court is to review an agency's action fairly, it should have before it neither more nor
20 less information than did the agency when it made its decision." *Walter O. Boswell Mem'l Hosp.*
21 *v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). Both sides must have "a fair opportunity" to
22 "fully review[] the complete record" and "refer to it in their briefs." *Id*. at 793 & n.6. And
23 anything short of the full record provides "a 'fictional account of the actual decisionmaking
24 process'" such that the "requirement that the agency decision be supported by 'the record'
25 becomes almost meaningless." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d
26 1534, 1548 (9th Cir. 1993) (citations omitted); *see also Ariz. Cattle Growers' Ass'n v. U.S. Fish*
27 *& Wildlife, Bureau of Land Mgmt.*, 273 F.3d 1229, 1236 (9th Cir. 2001) ("Judicial review is
28 meaningless . . . unless we carefully review the record to 'ensure that agency decisions are

5

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

founded on a reasoned evaluation of the relevant factors.'") (citation omitted). The administrative record had not been produced at the time when this Court issued its preliminary injunction, and the Ninth Circuit has before it only brief portions of the voluminous record. Dismissing the State's claims now would unfairly truncate the litigation based on the panel's predictive assessment conducted without a complete administrative record. *See Arce v. Douglas*, 793 F.3d 968, 976 (9th Cir. 2015) (reversing district court order that without notice "deprived plaintiffs of the opportunity to submit additional evidence and argument on the merits" and stating that parties are entitled to a "full and fair opportunity to ventilate the issues").

## II. WHAT IMPACT THE STAY ORDER'S FINDINGS ON REASONABLENESS SHOULD HAVE ON THE COURT'S DETERMINATION OF THE FIRST AND FOURTH CLAIMS

Just as *East Bay Sanctuary* counsels that a published motions panel decision is not final or binding on later merits panels as law of the case or law of the circuit, it also follows that this Court is not bound by the same preliminary findings. *See Homans*, 366 F.3d at 905. None of the cases cited by Defendants (Suppl. Br. at 7)[3] regarding the binding nature of either law of the case or law of the circuit on district courts addresses the circumstance presented here: where a *motions panel* has made a preliminary assessment on an emergency stay motion regarding defendants' likelihood of success in a preliminary injunction appeal, and the *same appeal* is pending and the *merits panel* will address the same issues. The motions panel did not remand issues to the district court or otherwise direct it to apply *San Francisco* immediately. If the law were otherwise, any defendant that obtains an emergency stay of a preliminary injunction in a published decision could then rush to district court to seek an order applying the stay order to dismiss the claims and mooting the preliminary injunction appeal. This Court would be foreclosed from conducting independent legal analysis and the Ninth Circuit would review a

---

[3] For example, the Tenth Circuit in *Fish v. Schwab*, 957 F.3d 1105, 1140 (10th Cir. 2020), discussed the impact of a prior merits panel's decision in a preliminary injunction appeal on a later appeal following bench trial. Significantly, *Fish* distinguished *Homans*, 366 F.3d at 904, which reasoned that "[t]o the extent that any language in [the motions-panel's decision] c[ould] be read as an assessment of the actual merits of [the plaintiff's] claim, as opposed to his likelihood of success on the merits, such language [was] dicta" and "not subject to the law of the case doctrine." 366 F.3d at 905 n.5.

6

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

dismissal decision that rested solely on a motion panel's preliminary analysis. Neither law of the circuit nor law of the case doctrine commands that result. *See Homans*, 366 F.3d at 905 (district court erred in concluding at summary judgment that it was bound by motions panel's interlocutory published opinion).[4]

Moreover, as described above, the motions panel did not address all the legal issues raised by the States on the contrary to law claim or the additional plausible bases for the arbitrary and capricious claim, nor did it assess the complete administrative record in evaluating whether the rule is arbitrary and capricious. Thus even if the motions panel's conclusion on whether in-kind benefits may ever be considered in a public charge assessment could be considered a "pure issue of law," that decision is not law of the case on the separate legal inquiry of whether the 12/36 rule is contrary to the INA. *See Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013) (law of the case doctrine only applies to "an issue that has already been decided"); *Ranchers*, 499 F.3d at 1119 (certain legal issues were law of the case, but later panel evaluated a new argument raised for the first time after disposition of the preliminary injunction appeal); *cf. Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1091 (9th Cir. 2013) (prior preliminary injunction order "left open the possibility that additional facts could be introduced during the further district court proceedings resulting in a different outcome based on a full evidentiary record and a complete review of the legal principles"). And even if the motions panel's determination of any issue may be called "purely legal," it was still only a predictive decision based on rushed proceedings.

The law of the case doctrine does not bar this Court from reconsidering the fourth cause of action at the merits phase based on a fully developed record, either. *See Ranchers*, 499 F.3d at 1114 (district court had authority to consider new, extra-record evidence notwithstanding prior preliminary injunction appeal); *Humanitarian Law Project v. U.S. Dep't. of Justice*, 352 F.3d 382, 403 (9th Cir. 2003), *vacated on other grounds by* 393 F.3d 902 (9th Cir. 2004) (affirming district court's reconsideration of claim based on new evidence); *Nat'l Wildlife Fed'n v. Nat'l*

---

[4] Defendants may renew their motion to dismiss if the Ninth Circuit merits panel resolves legal issues in a manner that disposes entirely of the States' claims.

7

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

*Marine Fisheries Serv.*, 422 F.3d 782, 793 (9th Cir. 2005) ("In considering a preliminary injunction appeal, we ordinarily do not decide the ultimate merits of the case, but only the temporal rights of the parties until the district court renders judgment on the merits of the case based on a fully developed record."). Defendants characterize the record before the *San Francisco* panel as "not 'incomplete,'" Defs.' Suppl. Br. at 6, but this Court has already found otherwise.

Several of the States' arguments rest on the lack of support for Defendants' rulemaking justifications, which cannot be substantiated without examination of the full record. For example, the *San Francisco* Stay Order did not look beyond the Rule and DHS' own regulatory impact analysis before crediting Defendants' claims that they could not calculate or estimate the costs to state and local entities, and deciding that acknowledgement of the overall effect of the Rule, without attempting to quantify its costs, was "sufficient." 944 F.3d at 803. But the administrative record contains significant evidence regarding those costs. The States also anticipate that they may expand their arguments that the Rule is arbitrary by relying on previously unavailable record documents, such as information from other agencies with more expertise than DHS possesses. *See* 944 F.3d at 804 (noting that DHS lacks expertise in issues such as transfer payments from federal to state governments); ECF No. 159, Order Granting in Part and Denying in Part Motions to Complete the Record and Granting Motions to Compel Discovery at 20 (granting the States' request to complete the record with inter-agency communications submitted to DHS). More generally, the States intend to show, at summary judgment or at trial, that the administrative record substantiates the Rule's serious consequences that Defendants failed to grapple with in the Rule. Resolution of those claims cannot rest on an incomplete administrative record (which Defendants have not yet produced, despite the Court's order that they do so).

Overall, just as in *East Bay Sanctuary*, the Stay Order was issued "at a very preliminary stage of the proceedings." The same concerns that animated the Ninth Circuit there should govern the district court's decision regarding application of the motions' panel's conclusions on reasonableness. If the district court views the States' claim as plausible, the motion to dismiss

8

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

should be denied, despite the motions panel's predictive decision that the Defendants are likely to succeed on the merits of the preliminary injunction appeal.

### III. WHETHER THE COURT SHOULD DEFER RULING ON DEFENDANTS' MOTION TO DISMISS THE FIRST AND FOURTH CLAIMS

If the Court concludes that the *San Francisco* Stay Order is binding and requires it to dismiss the States' first or fourth claims, then the States agree with Defendants that the Court should defer ruling on those claims until the Ninth Circuit resolves the merits of the preliminary injunction appeal. A dismissal order would otherwise risk mooting the nearly final preliminary injunction appeal, and delay resolution of similar issues in an appellate proceeding on the dismissal order.

If this Court defers ruling on the First and Fourth Causes of action, it should still proceed in resolving other issues that are not influenced by the analysis in the Stay Order. For example, if this Court denies the motion to dismiss the States' equal protection claim, then the States should still be allowed to proceed with discovery, as the Court described in its April 1, 2020 order granting motions to compel. *See California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) (warning district courts "not to delay trial preparation to await an interim ruling on a preliminary injunction" that will not be dispositive).

9

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

Dated: July 23, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
CHEROKEE DM MELTON
Supervising Deputy Attorney General
JENNIFER BONILLA
LISA CISNEROS
REBEKAH FRETZ
KATHERINE LEHE
JULIA HARUMI MASS
ANITA GARCIA VELASCO
BRENDA AYON VERDUZCO

      /s/Anna Rich
ANNA RICH
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

KARL A. RACINE
Attorney General for the District of Columbia
KATHLEEN KONOPKA
Deputy Attorney General
Public Advocacy Division
ALACOQUE HINGA NEVITT
Assistant Attorney General
441 4th Street, N.W.
Washington, DC 20001
Tel (202) 724-6532
Fax (202) 730-1900
Alacoque.nevitt@dc.gov
*Attorneys for Plaintiff District of Columbia*

AARON M. FREY
Attorney General of Maine
SUSAN P. HERMAN
Chief Deputy Attorney General
6 State House Station
Augusta, Maine 04333-0006
Tel (207) 626-8814
susan.herman@maine.gov
*Attorneys for Plaintiff State of Maine*

ELLEN ROSENBLUM
Attorney General of Oregon
NICOLE DEFEVER
Assistant Attorneys General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
(503) 378-4402
Benjamin.Gutman@doj.state.or.us
Nicole.Defever@doj.state.or.us
Patty.Rincon@doj.state.or.us
*Attorneys for Plaintiff State of Oregon*

JOSH SHAPIRO
Attorney General for the Commonwealth of Pennsylvania
MICHAEL J. FISCHER
Chief Deputy Attorney General
AIMEE D. THOMSON
Deputy Attorney General
1600 Arch St., Suite 300
Philadelphia, PA 19103
Tel (267) 940-6696
athomson@attorneygeneral.gov
*Attorneys for Plaintiff Commonwealth of Pennsylvania*

10

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)

SA2018100389
Public Charge CA Supp Brief 7.23.20 FINAL.docx

11

Plaintiffs' Suppl. Mem. in Opposition to Mot. To Dismiss (4:19-cv-04975-PJH)